FITZGERALD, RESPONDENT, v. HANSON, APPELLANT.

[Submitted July 22, 1895. Decided July 29, 1895.]

CONTRACTS—*Usage—Evidence.*—Evidence of a usage prevailing among physicians of a particular locality, that where one employs another to assist him in a case, the assistant is to look to the patient for his pay in the absence of a special agreement to the contrary, is inadmissible in an action by one physician to recover of another for such services, where it did not appear that such usage was known to the plaintiff or that it was so well established as to warrant the legal presumption that the parties contracted with reference thereto.

*Appeal from Fourth Judicial District, Missoula County.*

ACTION for services rendered. Judgment was rendered for the plaintiff below by WOODY, J. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an appeal from a judgment in favor of the plaintiff, and from an order denying defendant's motion for a new trial. Both parties are physicians in the city of Missoula. The plaintiff sued the defendant for services in assisting the defendant in the practice of his profession, the services being principally the administering of an anæsthetic, and assisting in surgical operations.

Plaintiff testified that he rendered the services in assisting

defendant to perform various surgical operations, as appeared in his complaint filed, and that he rendered the services at the instance and request of the defendant; that defendant sometimes came for him in his buggy, and sometimes called him through the telephone; and that the charges were reasonable, and that he charged the defendant at the time of the rendering of the services. This testimony was not denied by the defendant in his examination. Defendant did state that the patients requested him to call in the services of an assistant, and that he informed the plaintiff of such request by the patients, but the plaintiff denies that he knew that any such request was made.

Upon this testimony the verdict was found in favor of the plaintiff for a portion of the accounts set up in his complaint.

*Duis & Crouch*, for Appellant.

*George W. Reeves and Smith & Word*, for Respondent.

DE WITT, J.—There is no question but the evidence supports the verdict. It stands undenied that the services were rendered at the special instance and request of the defendant, and that they were worth the amount charged. The only point in the case is the exclusion by the court of certain testimony offered by the defendant.

The defendant's counsel offered to prove by defendant and one other physician that there was a custom prevailing among physicians and surgeons in Missoula and vicinity that, unless there is a special agreement to the contrary before the services are performed, for which an assistant is called, such as plaintiff, that the "assistant," so called, is to look to the patient, and not to the principal physician or surgeon for his pay. This proffered testimony was rejected by the court, and error in such action is assigned.

The contract of the parties stands practically admitted by the testimony to be that the defendant employed the plaintiff to perform the services, and the facts in evidence show a contract between plaintiff and defendant. Defendant was liable

for plaintiff's services.   The offer was made to prove a custom
or usage to the effect that the defendant was not liable at all,
either primarily or secondarily.   We are of the opinion that
this testimony was properly excluded.

It is said by Dixon, C. J., in *Lamb* v. *Klaus*, 30 Wis. 94,
quoting and approving *Foye* v. *Leighton*, 22 N. H. 75,
that:   "A usage explains and ascertains the intent of the par-
ties.   It cannot be in opposition to any principle of general
policy, nor inconsistent with the terms of the agreement be-
tween the parties; for it incorporates itself into the terms of
the agreement, and becomes a part of it.   It must be known
and established.   It must appear to be so well settled, so uni-
formly acted upon, and of so long a continuance, as to raise a
fair presumption that it was known to both contracting par-
ties, and that they contracted in reference to it and in con-
formity with it."

The supreme court of Maryland uses the following language
upon this subject:   "The authorities all hold that a usage, to
be admissible, must be proved to be known to the parties, or
be so general and well established that knowledge and adoption
of it may be presumed; and it must be certain and uniform.
*Foley* v. *Mason*, 6 Md. 37; *Second National Bank of Balti-
more* v. *Western National Bank of Baltimore*, 51 Md. 128; 34
Am. Rep. 300; *Citizens' National Bank of Baltimore* v.
*Grafflin*, 31 Md. 507; 1 Am. Rep. 66; *Patterson* v. *Crowther*,
70 Md. 125."   *Baltimore Base Ball & Exhibition Co.* v.
*Pickett*, 22 L. R. A. (Md.) 692.

In the case of *Park* v. *Piedmont &. A. L. I. Co.*, 48 Ga.
601, the offer was to prove a certain usage or custom in the
life insurance business.   The question propounded to witness
was: ' " ' Do you know of any usage or custom in the life in-
surance business ,as to the commutation of renewals, etc.?'
The proper question would have been, ' What is the general or
universal usage and custom in the life insurance business as to
the commutation of renewals, etc.?'   The usage or custom, to
be binding, must be a general one, and of universal practice,
as applicable to that particular business."   The court also said:

''The contract of the parties in this case was that the defendants should receive for their services twenty per centum on all sums collected by them for first year's premium insurance, and seven and one-half per centum on all sums received by them for continued renewals of policies. This contract is plain and explicit. There is no doubt or ambiguity as to the meaning of it, or as to the intention of the parties; but it is contended the evidence was admissible to annex an incident to the contract by the proof of usage or custom. But in all cases of this sort the rule for admitting the evidence of usage or custom must be taken with this qualification that the evidence be not repugnant to or inconsistent with the contract.''

We find the following in 1 Rice, Ev. p. 278: ''Custom and usage are resorted to only to ascertain and explain the meaning and intention of the parties to a contract when the same could not be ascertained without extrinsic evidence, but never to contravene the express stipulations; and, if there is no uncertainty as to the terms of a contract, usage cannot be proved to contradict or qualify its provisions. (*Barnard* v. *Kellogg*, 10 Wall. 385; *Bradley* v. *Wheeler*, 44 N. Y. 495; *Wheeler* v. *Newbould*, 16 N. Y. 392; *Walls* v. *Bailey*, 49 N. Y. 464.) In matters as to which a contract is silent, custom and usage may be resorted to for the purpose of annexing incidents to it. (*Hutton* v. *Warren*, 1 Mees. & W. 466; *Wigglesworth* v. *Dallison*, 1 Doug. 201.) But the incident sought to be imported into the contract must not be inconsistent with its express terms, or any necessary implication from those terms. (Note to *Wigglesworth* v. *Dallison*, Smith Lead. Cas. (6th Am. Ed.) 677, and cases cited.) Usage is sometimes admissible to add to or explain, but never to vary or contradict, either expressly or by implication, the terms of a written instrument, or the fair and legal import of a contract. (*Allen* v. *Dykers*, 3 Hill 593; *Hinton* v. *Locke*, 5 Hill 437; *Magee* v. *Atkinson*, 2 Mees. & W. 442; *Adams* v. *Wordley*, 1 Mees. & W. 374, and other cases cited; 1 Smith, Lead. Cas. 680 *et seq.*)''

''Usage must be uniform. To permit usage to govern and modify the law in relation to dealings of parties, it must be

uniform, certain, and sufficiently notorious to warrant the legal presumption that the parties contracted with reference to it. (*Citizens' Bank* v. *Grafflin*, 31 Md. 507; 1 Am. Rep. 66; *Rapp* v. *Palmer*, 3 Watts 178; *Barksdale* v. *Brown*, 1 Nott & McC. 517; *Harper* v. *Pound*, 10 Ind. 32; *Smith* v. *Gibbs*, 44 N. H. 335; *Shackelford* v. *New Orleans, etc., R. Co.*, 37 Miss. 202.) Evidence of particular usage to add to or in any manner affect the construction of a written contract is admitted only on the principle that the parties who made the contract were both cognizant of the usage, and are presumed to have made the contract in reference to it. (See *Kirchner* v. *Venus*, 12 Moore, P. C. 361; *Meyer* v. *Dresser*, 16 C. B. (N. S.) 646; *Appleman* v. *Fisher*, 34 Md. 540; *Southwestern F. & C. Co.* v. *Stanard*, 44 Mo. 71.)"

We are of the opinion that under the circumstances of this case, where the contract between the parties seems to be plain, and not subject to be misunderstood, the offer of proof of the usage was not sufficient to admit it in testimony. The usage proposed to be proved would set aside what appears to be the contract made between the parties. It does not appear by the offer of proof that the alleged usage was either known to the plaintiff, or that it was "so well settled, so uniformly acted upon, and of so long a continuance as to raise a fair presumption that it was known to both contracting parties, and that they contracted in reference to it and in conformity with it." (*Lamb* v. *Klaus*, 30 Wis. 97.) Again using the words in Rice on Evidence, it did not appear that this alleged usage was "uniform, certain, and sufficiently notorious to warrant the legal presumption that the parties contracted with reference to it." It appeared only that the usage prevailed. The usage, as proposed to be proven, falls far short in its nature of such a one as could be considered to be part of such a contract as the one proven and conceded to be the contract in this case. This seems to us to be the only legal conclusion of this case. We are not informed by the record what the ethics and courtesy of the medical profession are in such a matter. If plaintiff has transgressed professional amenities in enforcing

this demand as against the defendant, the amount of the judgment and his loss of his brethren's esteem may offset each other.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.