(64 App. Div. 382.)

## MacEVITT v. MAASS.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

1. PHYSICIANS AND SURGEONS—ACTION FOR COMPENSATION—QUESTION FOR JURY.
     A surgeon agreed with defendant to perform an operation, which was not dangerous, for the wife of the latter, for $75, but on a future examination he found that an entirely different and more difficult and dangerous operation was required. He disclosed such facts to defendant, but nothing was said about a change in the agreed compensation. *Held*, that the question whether the plaintiff superseded the original agreement as to compensation, based on the first examination, was properly submitted to the jury.

2. OPINION EVIDENCE.
     Two physicians, who attended on an operation on defendant's wife, and one of whom was present at the plaintiff's subsequent visits, may give their opinions as experts as to the value of the services rendered in an action for compensation.

3. PHYSICIANS AND SURGEONS—ACTION FOR COMPENSATION—EVIDENCE—SUFFICIENCY.
     A surgeon agreed with defendant to perform an operation, which was not dangerous, for the wife of the latter, for $75, but on a future exam-

ination he found that an entirely different and more difficult operation was required. He disclosed such facts to defendant, but nothing was said about a change in the agreed compensation. With the attendance of four physicians and six nurses, an operation severe in character, and 2½ hours in duration, and which required the knife, was performed, and was followed by many daily visits. *Held*, that the evidence was sufficient to sustain a verdict for a sum in excess of the amount named in the agreement made after the first examination.

4. SAME — LICENSES TO PRACTICE — IMPERFECT REGISTRATION — RETROACTIVE STATUTES.

Laws 1880, c. 513, § 2, provides that every person engaged in the practice of medicine on or before October 1, 1880, and every person afterwards duly authorized to practice, shall register in the clerk's office in the county where he is practicing. Section 4 declares that a person who holds a medical diploma from a school in another state may be registered to practice in the state on securing the approval of his diploma by the faculty of an incorporated medical school of the state, furnishing such other qualifications as they may require. *Held* that, where a physician came into the state in 1879, and on September. 25, 1880, registered in compliance with section 2, he was not within the provisions of section 4, since it is not retroactive, and was not barred from suing for services rendered because of a noncompliance with its provisions.

5. RIGHT OF APPEAL—SATISFACTION OF JUDGMENT.

The fact that a judgment has been satisfied of record does not preclude the person against whom the judgment was given from appealing.

Appeal from trial term, Kings county.

Action by John C. MacEvitt against G. Henry Maass. From a judgment in favor of the plaintiff and an order denying a motion for a new trial (67 N. Y. Supp. 817), defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Francis A. McCloskey, for appellant.

John C. Judge, for respondent.

JENKS, J. The plaintiff sued to recover for his services rendered as physician and surgeon to the defendant's wife, and recovered a verdict of $275. After examination of the patient, the plaintiff told the defendant that a surgical operation for an internal trouble was necessary, whereupon it was agreed between them that the plaintiff would perform the operation for $75. The plaintiff testified that a further examination, a few days later, revealed that the first diagnosis was erroneous; that the condition of his patient was more grave than first supposed; that the operation first suggested was not necessary, but that a different and more severe operation was required, which, unlike the former, jeopardized life; and that he told all these things to the defendant, who consented to the operation then advised, but that nothing was said between them upon the subject of the fee. I think that Gaynor, J., properly submitted to the jury the question whether the plaintiff superseded the original agreement based upon the first examination, and that the verdict should not be disturbed. It is contended, however, that there was no evidence from which the jury could determine the value of the services rendered. The plaintiff testified that he performed the operation with the assistance of four hospital surgeons and six trained nurses, that it was "a very

great deal,"—one of the most formidable operations of surgery, which involved cutting,—and that thereafter he was in daily attendance between two and three weeks upon the patient. Two experts who attended upon the operation, and one of whom was present at the subsequent visits, were called, and placed a value on the services rendered. The plaintiff was not confined to a hypothetical questioning of such experts, for they were entitled to give their opinions upon what they knew of the services. Mercer v. Vose, 67 N. Y. 56. In Reynolds v. Robinson, 64 N. Y. 589, cited by the learned counsel for the appellant, the vice of the questions put to the experts was that they called for opinions based solely upon the statements they had heard in the testimony of other witnesses, and so they testified in the absence of personal knowledge, and without responding to facts stated in hypotheses. The learned justice who presided at the trial states in his opinion that the testimony offered to describe the ailment and the particulars of the operation were excluded under objection based on section 834 of the Code of Civil Procedure, but the record fails to show this. I am of opinion, however, that there was evidence sufficient upon which to base the verdict rendered, because there is proof in the record of an operation with the attendance of four physicians and six nurses; an operation severe in character, 2½ hours in duration, which required the knife, and which was followed by many daily visits.

It is also insisted that the plaintiff cannot sue because he has failed to comply with chapter 513 of the Laws of 1880. It appears that he came into the state in 1879, and that on September 25, 1880, he complied with section 2 of the act. The statute went into effect on October 1, 1880, and therefore the plaintiff was not within the provisions of section 4 thereof, inasmuch as it is not retroactive.

The learned counsel for the respondent submits a transcript from the dockets of judgments, showing a satisfaction of the judgment in this action, and insists that therefore the appellant is out of court. But, as I do not so understand the law (Hayes v. Nourse, 107 N. Y. 577, 14 N. E. 508, 1 Am. St. Rep. 891), I have passed upon the points raised by the learned counsel for the appellant without finding any merit in them which would justify a disturbance of the judgment.

The judgment and order should be affirmed, with costs. All concur.