(79 Misc. Rep. 252.)

### GILDAY v. HENNEN.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

1. WORK AND LABOR (§ 4*)—RIGHT TO COMPENSATION.

Ordinarily one requesting another to perform services for him impliedly agrees to pay their reasonable value, unless the circumstances justify him in believing that the person requested would not expect compensation.

[Ed. Note.—For other cases, see Work and Labor, Cent. Dig. §§ 3–7; Dec. Dig. § 4.*]

2. PHYSICIANS AND SURGEONS (§ 13*)—COMPENSATION—IMPLIED CONTRACT—PROFESSIONAL COURTESY.

Plaintiff and defendant were physicians on a hospital staff, and defendant, while performing an operation, telephoned to plaintiff, and when he arrived the patient was suffering from a hemorrhage, and defendant said to plaintiff: "I wish you would finish this operation for me. This woman is bleeding. I can't control it." Whereupon plaintiff finished the operation. The patient was in a private room paid for by defendant, who received a nominal fee of $10. *Held*, that plaintiff is deemed to have rendered his services from the high sense of the professional obligation and courtesy which exists in the medical profession, and cannot recover on an implied promise by defendant to pay for such service; the fact that the operation was not performed in the charity ward and that defendant received a nominal fee for his own services not changing the rule.

[Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. §§ 18–20; Dec. Dig. § 13.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Walter C. Gilday against William D. Hennen. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued January term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Hart & Tompkins, of New York City (Millard F. Tompkins, of New York City, of counsel), for appellant.

Frederick W. Sperling, of New York City, for respondent.

LEHMAN, J. The plaintiff and the defendant are both members of the staff of a hospital in the city of New York. While the defendant was performing an operation upon a patient, he desired the plaintiff's aid, and sent a telephone message requesting the plaintiff to come to the hospital to help him out. Plaintiff immediately came to the hospital and went into the private operating room. A woman was

---

on the operating table. Her abdomen was open, and she was suffering from a hemorrhage. The defendant said to him:

"Doctor, I wish you would finish this operation for me. This woman is bleeding. I can't control it."

Plaintiff then finished the operation. The defendant was performing the operation for a fee of $10, and the patient was not strictly a charity patient, although the defendant was paying for the private room. The plaintiff thereafter brought this action to recover the reasonable value of his services.

[1] Ordinarily, of course, where a person requests another to perform services for him, he impliedly agrees to pay the reasonable value of the services rendered at his request. This rule is founded in common sense. Unless the circumstances in which the request is made justify him in the belief that the person requested to perform the services would not expect any compensation, the person requesting the services must reasonably have supposed that his request implied a promise to pay for the services. Such circumstances exist where the relation of the parties is such that the services might well be requested as a matter of personal or professional courtesy or duty.

[2] If, therefore, the plaintiff is entitled to recover upon an implied contract to pay for the services rendered, it must be upon the theory that there is no professional courtesy or duty requiring a physician to give aid to a brother practitioner associated with him in the same hospital, when the brother practitioner's skill, or experience is insufficient to cope successfully with an emergency that has arisen and which may cause disastrous results to a patient under his care. I am absolutely unwilling to hold that the profession of medicine does not impose such an obligation upon its members, nor do I believe that even the plaintiff would seriously contend that the judgment in his favor should be sustained, if it can be sustained only upon such a theory.

He urges, however, that this obligation exists only in regard to charity patients in the hospital, and not in regard to private patients in a private room. The distinction which he tries to draw is, in my opinion, however, not logical. While a physician is entitled to reasonable compensation for his services from the person benefited, the services which he renders should not be measured by the compensation received. Physicians ordinarily recognize this rule and give the benefit of their skill free to persons who cannot pay for the services rendered, and as a matter of professional courtesy will give reasonable assistance to other physicians. The plaintiff has shown that he recognized this rule by joining the staff of a hospital, where it is the custom that physicians should treat patients gratis and aid each other in their treatment of public patients.

A physician who claims under an implied contract for his services should show, therefore, that the services were rendered, not as a part of his high professional obligations, or as a matter of professional courtesy, but because he expected to be paid for them. This is the test to be applied in every case where a physician sues upon an im-

plied contract. It seems to me that, where a physician requests the services of another physician to aid him in earning compensation for himself, he is bound to pay for these services; but he has a right to believe that a fellow practitioner in the same hospital will expect no compensation, if his services are sought merely to aid him in an operation from which he himself expects to derive no substantial profit. If the operation had been performed in the public operating room, the plaintiff concedes that he would have been reasonably expected to render the requested aid without compensation; but the true distinction, it seems to me, is not to be found in the place where the operation was performed, but is to be found in the nature and purpose of the services requested. Since the defendant requested the plaintiff's aid, not for the purpose of earning a fee for himself, but only for the purpose of alleviating suffering or removing an imminent danger, he had a right to expect that these services would be rendered freely and willingly.

Judgment should be reversed, with costs, and complaint dismissed, with costs. All concur.