J. B. TEDROW, Appellee, v. R. JOHNSON, et al., Appellants.

Limitation of actions: PAYMENT: BURDEN OF PROOF. The statute of
1　limitations and payment are affirmative defenses, and the burden of proof is upon the party pleading the same.

Evidence: EXPERT TESTIMONY: QUALIFICATION OF WITNESS: OBJECTION.
2　A physician of long practice in the vicinity and having a knowledge of charges for professional services in that locality is competent to testify to the reasonableness of such charges. But in the instant case the objection to the competency of the witness was not made until after answer, and in the absence of a motion to strike it came too late.

Professional services: VALUE: EVIDENCE: INSTRUCTION. Although the
3　evidence of a physician as to the reasonable value of his services and supplies was undisputed in the testimony, yet where it was denied by the defendant the question of the reasonable value was for the jury, and an instruction that if the jury found for plaintiff they should allow the full amount of his claim was erroneous.

*Appeal from Hamilton District Court.*—HON. R. M. WRIGHT, Judge.

SATURDAY, NOVEMBER 28, 1914.

SUIT at law upon an account for services rendered by plaintiff as a physician and for medicine furnished the defendants. Trial to a jury. Judgment for plaintiff. Defendants appeal.—*Reversed*

*Prince & Neese* and *D. C. Chase,* for appellants.

*A. N. Boeye,* for appellee.

PRESTON, J.—I. The account commenced in 1904 and ran through subsequent years to and into 1911. The total amount, as shown by the account, is $255.40, with payments credited thereon of $103.65. Plaintiff sues to recover the balance. As a separate defense, the defendants allege that all items appearing in the account since November 12, 1906, were paid for in cash at the time said services were rendered and supplies furnished, and state that the cause of action did not accrue at any time within five years next preceding the commencement of the action. The court submitted special interrogatories, and the jury found that these items were not paid. By the general verdict, the jury found for the plaintiff for the full amount claimed.

The court instructed that defendants had the burden to show that plaintiff's claim was barred by the statute of limita-

1. LIMITATION OF ACTIONS: payment: burden of proof.

tions by reason of such payments. These payments and the statute of limitations were pleaded as an affirmative defense. The court rightly placed the burden on defendants. *McDonald v. Bice,* 113 Iowa, 44; *Belken v. Iowa Falls,* 122 Iowa, 430. Code, section 3629.

Payment itself, when pleaded as such, is ordinarily an affirmative defense upon which the person pleading payment has the burden though there are some exceptions to this.

II. Dr. Whitley, a witness for plaintiff, testified that a charge of from $3 to $5 for a trip from the town of Williams, six miles away, for the purpose of viewing and dressing the

2. EVIDENCE: expert testimony: qualification of witness: objection.

wound, was reasonable. Appellant contends that the foundation was not sufficient to permit the doctor to testify to charges in the neighborhood of Williams. We think it was. The doctor testified that:

I have practiced medicine and surgery in Webster City for twenty-five years, and have practiced throughout the county. Q. Do you know what charges obtain and prevail for medical and surgical services on the part of physicians

located in Williams for work in a radius of miles? A. I know the mileage. I am not certain just about the fee, but I know nearly what it is.

The weight of his testimony was for the jury. Furthermore, the objection was not timely. There was no objection until after the answer, and no motion to strike.

III. Plaintiff alleged in his petition that he was a practicing physician and surgeon at Williams, Hamilton county, Iowa; that, at the request of defendants, he treated them and members of the family under age and fur-

3. Professional Services : value : evidence : instruction. nished medical and surgical supplies. Also alleged that such services and supplies were of the reasonable value of $255.40. This was denied by the defendants. Plaintiff testified as to the value of his services, and Dr. Whitley testified as before shown. No medical witnesses were used by the defendants. They claim that, because of their reduced financial circumstances, plaintiff agreed that his bill would not be more than $100, but this is denied by the plaintiff.

The question most strongly argued is that the court erred in not leaving the question of the value of plaintiff's services to the jury, even though plaintiff's evidence was not disputed. We are constrained to hold that the learned district court erred in regard to this in stating to the jury, in one of its instructions, that the evidence as to value was undisputed, and that the jury should find for plaintiff for the full amount of his claim unless they found the account barred. The instructions are somewhat conflicting.

No. 5 reads:

That the burden is on plaintiff to establish by a preponderance of the evidence: (1) That he rendered services for the defendants; (2) what was the fair and reasonable value of such services; and (3) the amount of the value of such services. If plaintiff has established each of the foregoing propositions, by a preponderance of the evidence, he should recover for the amount so proved by him, unless you find that the defendants

have established their defense that the plaintiff's cause of action did not accrue within five years next prior to the commencement of the action, etc.

Instruction No. 6 is in part:

You are instructed that the fact that plaintiff rendered services for the defendants is undisputed in the evidence. You are further instructed that it is undisputed in the evidence that the value of the services rendered by plaintiff for defendants, and as alleged by him, are the reasonable values thereof; and you are further instructed that the undisputed value of plaintiff's services, after allowing for all payments that have been made, is in the sum of $153.52; and you are instructed that you should find in favor of the plaintiff for said amount, unless you find that it has been proved, by a preponderance of the evidence, that the last of such services were rendered at a time prior to five years next preceding the action, etc.

Instruction No. 8 reads in part:

The burden of proof is upon the plaintiff to establish each and every particular fact necessary to prove his cause of action, by a preponderance of the evidence. By the term 'preponderance of the evidence' is meant the greater and superior weight of the testimony, etc.

It appears that a small part of plaintiff's account was for medicines furnished in 1904 and 1905. In 1906 a three year old child of defendants' was injured by a mowing machine. Both limbs were nearly severed. The larger part of the account is for services in treating this child for such injuries. The services were for surgical work and professional calls and dressing the child's limbs. The first charge was $40 for surgical work, and other charges were for calls and dressing the limbs almost daily for about seven weeks, and other charges were for professional services in the office. A few charges are for services for other members of the family. A charge of from $3 to $5 was made for each time a call was made and the limbs dressed.

It may be, as appellee contends, that but little attention was had to the question of the amount or value of plaintiff's services, and that the real contention was as to the statute of limitations.  The evidence was necessarily short as to the payment of the two items of 50 cents and $1.  The evidence of plaintiff as to the value of his services was short.  But the question of value was an issue in the case which plaintiff was required to prove.  We have no means of knowing what the argument to the jury was or what was relied upon, except as shown by the pleadings.  From the interrogatory propounded to Dr. Whitley, and the claim of defendants that the charges were to be limited to $100, we infer that there may have been some contention as to the amount or value of the services.  If the question had been left to the jury, and it had found for plaintiff in the amount claimed, we would not, of course, say that the verdict is not supported by the evidence.

The case of *Fowle v. Parsons*, 160 Iowa, 454, was decided about a month after the trial of the present case, but the rule had been announced before.  Prior cases are referred to in the *Fowle* case.  It may work a hardship in some instances, but the rule is correct.  If it were not so, a witness could testify that his services were worth $25, $50, or $500 for each visit, and the other party would be bound thereby, even if not disputed.

One or two other points are suggested, but they have no merit.  For the error pointed out, the judgment must be, and it is, reversed, and the cause remanded.—*Reversed* and *Remanded*.

LADD, C. J., and EVANS and WEAVER, JJ., concur.