Sidney Rowe *vs.* City & Suburban Land Trust *et al.*

DECEMBER 8, 1920.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Pleading. Trial. Motion to strike Out Count.*

As the proof must substantially sustain the cause of action alleged a motion to strike out a count as not supported by the evidence should have been granted, where there was no legal evidence tending to support the count.

*(2)   Pleading.   Common Counts.   New Trial.   Damages.*

Under the common counts for work and labor, plaintiff must show the reasonable worth of the services performed, and in the absence of any testimony upon this point the jury and the court can allow plaintiff only nominal damages and not a substantial sum based upon conjecture or speculation.

Assumpsit.   Heard on exceptions of defendant and sustained.

Per Curiam.   This is an action of assumpsit to recover a commission for services as a real estate broker.

The first count in the declaration sets forth that the defendants employed the plaintiff as a real estate agent to procure certain real estate for them and that defendants promised to pay the plaintiff a commission of five per cent. of the sale price of the real estate upon its purchase by them.   Plaintiff avers that he procured the real estate for the defendants, showed it to them, and negotiated for its purchase, and that the defendants subsequently purchased it; a demand for payment of a commission of $850.00 and refusal by the defendants to pay it.

The common counts for work and labor performed by the plaintiff for the defendants, book account, and money counts are also in the declaration.   The defendants pleaded the general issue, and after a trial the jury returned a verdict for the plaintiff in the sum of $400.00.   The defendants filed a motion for new trial, claiming that the verdict was against the law and the evidence and the weight thereof.   The trial justice ordered a new trial of the case unless the plaintiff remitted all of the verdict in excess of $200.00.   The plaintiff filed his remittitur, but the defendants deeming themselves aggrieved by this decision of the trial justice, duly prosecuted their bill of exceptions to this court.

The testimony shows that the defendants are engaged in the business of purchasing desirable unimproved land, and platting it into house lots and that the plaintiff had been employed by the defendants for the purpose of selling house lots, and was familiar with their business.   The plaintiff testified that he knew of the land in question and that he

took one of the defendants, Miss Cass, to see it and she said she would try and buy it and if she did buy it, he would get his commission. The plaintiff testified that when a tract of land is shown to a developer it is the custom to pay a five per cent. commission. The plaintiff further testified that after the defendants purchased the tract of land he demanded his commission, and Miss Cass said she would not pay him five per cent. but would give him fifty dollars. Miss Cass testified that she never went to see the land in question with the plaintiff, and denied that she offered to pay him any commission of five per cent., but admitted that she told him, at other times, she would give him fifty dollars for informing her of land, suitable for her business. It appeared in evidence that the land in question was purchased by the defendants for $16,000.00. The testimony of several other witnesses was introduced during the trial, and at the conclusion of all of the testimony, the defendants (1) made a motion to strike out the first count because it was not supported by the plaintiff's evidence. The motion was denied, and this ruling is made the subject of the defendants' fourth exception. The declaration alleges that the plaintiff was to procure certain real estate for the defendants, and he avers that he did procure this real estate for the defendants and showed it to them, and negotiated for its purchase upon certain terms and conditions, but his testimony shows that he only took the defendant Miss Cass out to see the real estate one time, and her agent Mr. Dunklee another time, and that he did nothing else towards procuring the real estate for defendants.

As there are no legal evidence tending to show that the plaintiff procured the land in question for the defendants, the first count is not supported by the evidence and the defendants' motion, made at the close of all of the testimony, to strike out the first count should have been granted for it is a familiar rule that the proof must substantially sustain the cause of action alleged. Andrews Stephen's Pleading, 134, 219.

(2) The fifth exception is to the denial of the defendants' motion for a new trial. In conditionally granting the defendants' motion for a new trial the trial justice said, "The jury returned a verdict for the plaintiff in the sum of $400.00, thereby disregarding the express contract as testified to by the plaintiff, and awarding him $400.00 on the *quantum meruit* counts in the declaration. . . . In my opinion the services rendered were not worth the sum of $400.00 and the verdict, in so far as it is excessive, is against the evidence and the preponderance thereof."; and the court ordered a new trial unless the plaintiff remitted all of the verdict in excess of $200.00.

Under the common counts it was necessary for the plaintiff to introduce some testimony tending to show the reasonable worth of the services he performed for the defendants. In the absence of any testimony upon this point the jury and the court could allow the plaintiff only nominal damages and not a substantial sum based upon conjecture or speculation. A careful reading of the testimony fails to disclose any evidence relating to this point, and therefore the verdict of the jury, as reduced by the remittitur, is against the evidence upon the question of damages.

The defendants' fourth and fifth exceptions are sustained (the other exceptions being withdrawn), and the case is remitted to the Superior Court for a new trial.

*Murphy, Hagan & Geary,* for plaintiff. *Daniel T. Hagan,* of counsel.

*Edward C. Stiness, Daniel H. Morrissey, Christopher J. Brennan,* for defendant.