JAMES E. F. HENRY *vs.* CHRISTOPHER MONDILLO.

JUNE 5, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

STEARNS, J. This is a petition, under the Workmen's Compensation Act, by a physician to recover for the medical treatment of one Christopher Flynn, alleged to have been an employee of the respondent. January 26, 1927, Flynn

was at work in a sewer catch basin. While he was being drawn up by a rope to the surface of the street by one of respondent's workmen, in attempting to catch hold of a scaffold at the top, his hand slipped from the scaffold, he fell back and was injured. Respondent claims that Flynn was an independent contractor and not an employee. The cause was heard by a justice of the Superior Court who decided that he was not an employee. The cause is here on petitioner's appeal from the final decree dismissing the petition.

The only question is whether Flynn was an employee within the meaning of that term in the Workmen's Compensation Act.

As there is no dispute of fact with respect to the provisions of the contract of employment or the methods and means of doing the work, the question is one of law and the decision thereof is subject to review in this court.

Flynn was a bricklayer who worked usually on sewer work, although, as he stated, this was not a special branch of bricklaying. In 1926 the respondent, a sewer contractor, secured a contract from the city of Providence to lay sewers in certain streets. Respondent, by an oral agreement, engaged Flynn to build all of the required manholes and catch basins for $15 each and the inlets for $3 each. Respondent was prohibited by his contract with the city from subletting any of the work without the written consent of the city. He had no authority to employ an independent contractor on this contract. Flynn furnished his own bricklaying tools, to wit, a hammer, trowel and level. The city furnished materials for the sewers. The respondent notified Flynn when he was needed to work on any of the manholes and furnished four of his workmen as helpers. Flynn had no set hour for starting work in the morning; often he had to wait because it was too cold to do the work properly. He was not on respondent's pay roll but respondent's foreman kept a separate account of his work and paid him every Saturday night for work finished that week. If a job was

not finished properly, the foreman said he would tell Flynn that the city would not accept it and Flynn would have to do it over again and make it satisfactory. If he did not do this, the foreman said he would not discharge him, but that he would not let him do any more work. The reason for not discharging him if he did not do his work properly was apparently not for want of the right to do so, but from fear of trouble with the bricklayer's union. The foreman testified he had control over Flynn to a certain extent but that he did not interfere with him at any time as Flynn knew his business.

Flynn testified that he did not agree to work as a subcontractor; that he did not need any instructions how to do the work but he did get some instructions at times from respondent or his foreman; that he worked under their orders but that they did not interfere in any way with his work. "Q. Did they tell you to do anything different from the way you were doing it? A. No. Only in changing from one hole to another, if I was in one hole here and they wanted to get another one up to make it safe so it wouldn't cave, or something like that, they would have me shift from one to the other."

Respondent did not appear as a witness. Evidence of the contract with Flynn was given by the foreman who heard the conversation between respondent and Flynn when the latter was hired.

The only question is—was Flynn an employee of respondent? The meaning of the term "employee" as it is not defined in the act is to be deduced from the common law and the provisions of the Act. In 28 R. C. L. pp. 762, 763, the following statements are a fair summary of the law. "One who contracts with another to do a specific piece of work for him, and who furnishes and has the absolute control of his assistants, and who executes the work entirely in accord with his own ideas, or with a plan previously given him by the person for whom the work is done, without being subject to the latter's orders in respect to the details of the

work, with absolute control thereof, is not a servant of his employer, but is an independent contractor. The test is to be found in the fact that the employer has or has not retained power of control or superintendence over the contractor or employee. The truth is that the surrounding facts are so variable in this class of cases that it is difficult, if not absolutely impossible, to find any two that are on all fours. Many cases are plainly on one side of the equation, and may be readily classified as showing the relation of master and servant; others are just as plainly to be deemed cases of independent contract; while the middle ground is traversed by still other cases that pass by imperceptible stages from one side to the other. In this situation the principle of *stare decisis* is of doubtful value."

The trial justice held Flynn was not an employee because he built the catch basin for a fixed price "and without any apparent control upon the part of the contractor." But those considerations, although weighty, are not decisive. The final test is not the actual exercise of the power of control but the right of the employer to exercise power of control. *Linnehan* v. *Rollins*, 137 Mass. 123; *St. Louis R. R. Co.* v. *Madden*, 77 Kan. 80; *Kniceley* v. *West Va. Midland R. R. Co.*, 64 W. Va. 278. The question in each case is to be decided from the provisions of the contract of employment together with the particular circumstances. In the case at bar Flynn was to give his personal services in sewer construction work on prescribed plans and under a contract for which respondent was responsible. He did not furnish his own helpers nor were they under his absolute control. He worked with the servants of respondent in the business of respondent in accordance with his directions, upon premises not under his control and with appliances such as staging, rope and building materials which he did not select or furnish. In the circumstances, the method of payment, the option as to time in doing his work and the fact that his employer did not give unnecessary instructions did not make him an independent contractor. We are of the opinion that he was an employee of the respondent.

The decree of the Superior Court appealed from is reversed. The cause is remanded to said court for further proceedings.

*Fergus J. McOsker*, for petitioner.
*Ralph T. Barnefield*, for respondent.