MICHAEL H. SCANLON *vs.* JOHN GORDON ANDERSON.

JANUARY 17, 1929.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. This is an action by one physician against another to recover for services rendered as first assistant at approximately fifty major operations.

The declaration alleges an express contract and also contains the common counts. On a plea of non assumpsit the case was tried without a jury. At the close of plaintiff's evidence defendant moved to strike out the common counts, *cf. Rowe* v. *City Land Trust*, 111 Atl. 747, because plaintiff's testimony was that defendant had expressly agreed to pay him $50 per operation. The court declined to grant the motion holding that there still might remain the question of the reasonable value of plaintiff's services in view of his testimony that $50 was a reasonable charge. *Parvey* v. *Barasch*, 142 Atl. 230. After conclusion of the evidence the court handed down a written decision in favor of plaintiff for $1,470.28, giving his findings of fact and reasons therefor.

The amount of the decision is less than plaintiff claimed under the express contract and plainly is not nominal damages. It is on exceptions to the decision, to the above ruling on the motion to strike out, and to certain rulings admitting or rejecting evidence, that defendant is now here.

Defendant states the question before us, as follows: "1. Does the record disclose liability by a fair preponderance of the evidence? 2. Is there any evidence in the record which warrants the award of other than nominal damages if liability does exist?"

The testimony on the issue of liability was solely from plaintiff and defendant and was contradictory. Decision of the issue depends on whether one wholly believes the plaintiff or the defendant or accepts a part of the testimony of each. Defendant admitted that plaintiff had rendered assistance in forty-six cases for which he had received nothing specific. Both doctors were on the staff of the recently established Westerly Hospital, defendant on the surgical side, plaintiff in an advisory capacity. The operations were performed mostly at the hospital and were not charity. Plaintiff had been in active practice for twenty-seven years in Westerly, mostly in medical rather than surgical work, and defendant was a newcomer there although he had practiced in sundry places for approximately seven years. In comparatively few cases was plaintiff present at the request of the patient. From the transcript it would appear that by some agreement of the parties suggested to the court, but not disclosed upon the record, the details of the several operations were not inquired about. Plaintiff claims always to have been present at the request of and on notice from defendant to act as first assistant. Defendant asserts that plaintiff was present at many of the operations without invitation. The necessity for an assistant at a major operation was testified to by other physicians. The hospital rules forbade the division of fees under any guise whatsoever and both plaintiff and defendant are agreed that in all their transactions they neither divided nor contemplated a division of fees. One of defendant's exhibits shows that during 1926 defendant had paid to plaintiff, in amounts varying from $25 to $50 each, $875 for assisting at twenty-two operations of a nature similar to these involved in plaintiff's present claim. Scanlon conceives payments made to him as merely compensation for his own services and no part of Anderson's fee and Anderson says they were mere unsolicited gratuities. He accounts for plaintiff's presence at the operations by attributing to plaintiff an expectation of an honorarium from defendant. Whatever may have

been the trial court's suspicions it would not have been warranted in finding on this evidence that the doctors agreed to divide fees.

The trial justice did not accept the testimony of either plaintiff or defendant in its entirety. A fair interpretation of his finding is that, without a definite agreement on price, plaintiff's services were rendered at defendant's request and under circumstances where both expected plaintiff to be paid by defendant for them. One may suspect from one of plaintiff's letters that payment was to await the receipt of money by defendant but no one so testifies.

Defendant's counsel is incorrect in interpreting the decision to mean that the court found an undisclosed definite express agreement as to payment. The court's language is that the testimony shows "some arrangement as to Scanlon's services." Nothing, however, warrants an inference as to the terms of this arrangement. Hence evidence was proper as to the reasonable value of Scanlon's services. Defendant's story of unsolicited assistance and pure voluntary gifts to plaintiff was no more believed by the court than was plaintiff's story of an express $50 contract. After careful reading of the evidence we can not say that the justice was not warranted in declining to accept either story in full, particularly as he saw the doctors on the witness stand. The testimony of neither impresses a reader as entirely frank.

Defendant's contention that if the evidence showed an express contract recovery could not be had on an implied one of a different nature, *Beggs* v. *James Hanley Brewing Co.*, 27 R. I. 385, or for a different amount, is inapplicable because no express contract for plaintiff's services was established. The court's language about an arrangement meant no more than that Scanlon's professional services were not to be rendered gratuitously. *Gilday* v. *Hennen*, 139 N. Y. Supp. 934. While it is true that an exception is made to ordinary rules of implied promises to pay for services of physicians rendered at the request of third persons, 30 Cyc. 1597, 21 R. C. L. p. 412, § 55, a *quantum meruit* liability may be

created from the circumstances. *Best* v. *McAuslan*, 27 R. I. 107. A physician summoned by another physician to render assistance may act from a high sense of professional obligation and courtesy, *Gilday* v. *Hennen, supra,* but if acts upon an arrangement with the summoning doctor or person that the latter will be responsible and there is no evidence or circumstance indicating otherwise, he is entitled to recover from that person. *Dorion* v. *Jacobson,* 113 Ill. App. 563; *Smith* v. *Watson,* 14 Vt. 332. Here the trial court has found that Scanlon and defendant had an arrangement for payment to be made by defendant. If so, nothing in the evidence forbids the finding of defendant's liability. *Fitzgerald* v. *Hanson,* 16 Mont. 474. In fact defendant testified that if he hired an assistant he would expect to pay him. Defendant was entitled to include in his bill the cost of services of such assistant as he required. *Board of Comm. of Jay Co.* v. *Brewington,* 74 Ind. 7. Hospital rules can not be intended to forbid this. Whether the assistant may recover against the patient we are not called upon here to consider. We see nothing in the situation presented to create an exception to the general rule concerning actions on implied promises and find no error in the court's decision as to liability.

Liability being established, must the court on the evidence render a decision either for $50 per operation or nominal damages? The case is unlike *Rowe* v. *City, etc., Land Trust,* 111 Atl. 747, or *Weaver* v. *Miner,* 112 Atl. 425, where there was no substantial evidence of damages or value of plaintiff's services.

Here plaintiff's evidence, if the court could be helped thereby, Wigmore on Evidence, 2nd ed. § 1923, was admissible in support of the asserted value of the services. *Wheeler* v. *Anglim,* 193 Mass. 600; *Tedrow* v. *Johnson,* 167 Iowa, 513; *Hall* v. *R. R. Co.,* 27 R. I. 525. We think it might have been helpful because the value of such services is not a matter of common knowledge. *F. E. C. Ry. Co.* v. *Carter,* 67 Fla. 335. Plaintiff knew the work done and drew his conclusions therefrom. His reasons could have been

tested on cross-examination. Wigmore on Evidence, 2nd ed., § 1922. A physician may state what he considers to be the reasonable value of services rendered when he has full knowledge of them. *MacEvitt* v. *Maass.*, 72 N. Y. Supp. 158. This is true though he has no knowledge of what others charge for such services and bases his opinion solely upon what he believes they are worth. *Marion County* v. *Chambers*, 75 Ind. 409; 30 Cyc. 1600. In the case before us, because the hospital was a new one, no precedents were available to show the value of such services in Westerly and any evidence as to value was merely the personal conclusion of plaintiff, a physician, whose experience qualified him to give it. This evidence of value, however, was not conclusive even if undisputed. *Tedrow* v. *Johnson, supra; Ward* v. *Ohio, etc., Ry. Co.*, 53 S. C. 10. It was merely evidence bearing on the fact in issue, viz., the value of plaintiff's services. It was like any other evidence of fact to be accepted in whole or in part as valued by the trial court, upon whom rested the ultimate determination. That tribunal could believe that plaintiff had consciously or otherwise placed too great a value upon the services. It could deduce this from his general demeanor, his bias, or the course of dealings between the parties. That the trial court felt that plaintiff's testimony was somewhat overdrawn is stated in the decision. The amount to be deducted from plaintiff's estimate of value rested in the sound judgment of the court after hearing all the testimony. We think such judgment was fairly exercised.

On the evidence the court was warranted in its conclusion that $35 per operation would be reasonable payment to plaintiff. The *quantum meruit* value of professional services is rarely capable of exact fixation and there frequently is a very wide range in estimates. Seldom are the figures of experts in such cases accepted in their entirety by either courts or juries and with the record of payments actually made before it no reason is here apparent why the court could not adopt a part of plaintiff's valuation even though it

believed his whole estimate unreasonable. We find no error in rulings on evidence.

Defendant's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.