Ilie Berger
vs. } No. 91614.
Benjamin Rifkin

May 16, 1934.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendant.

This is an action by a dentist to recover for work done and materials furnished in pursuance of an express oral contract with defendant for dental work for the latter's wife.

Plaintiff's testimony was that work was to be done and materials were to be furnished for $950, while defendant said that the price agreed upon was $800. The testimony upon this issue of the case was conflicting and the Court's opinion is that the jury's verdict is not against the weight of the testimony bearing upon this issue.

It was not questioned that $600 had been paid by defendant to the plaintiff.

On the plaintiff's view of the contract, approximately $425 including pay for extras was still due, while the defendant admitted that about $250 would have been due on his understanding of the original agreement, had the work been properly performed.

Defendant's real ground of complaint as testified to was that certain porcelain jackets which had been placed over his wife's natural teeth did not match in color the natural teeth. The agreement was, he said, that they were to match in color. This was a question of fact. The jury heard the evidence and saw the teeth and the Court thinks the verdict of the jury was justified on the question of performance, by the evidence.

Counsel cites the case of *Parvey* vs. *Barasch* (1928) 142 Atl. 230, in which the Court held that a patient could not keep a plate, refuse to have it fitted and not pay for what it was reasonably worth.

In the instant case, plaintiff admitted that Mrs. Rifkin complained that the porcelain jackets did not match the natural teeth. There is testimony that some eight months or a year after the jackets were put on the plaintiff offered to put on other jackets of a different color. This involved removing jackets that were cemented on to natural teeth or stubs of teeth and putting on other jackets and in turn cementing those. That is much more of an operation than simply removing from the mouth a removable plate and filing it and thereby causing it to fit. It would seem unreasonable not to allow a dentist to complete his work by simply filing the edges of a plate. It is quite another matter to allow one to remove porcelain jackets after they have once been put on the natural teeth for the purpose of putting other jackets on. But the real difference in the two cases is that in the Parvey case the doctor had received nothing for his work while in the present case the dentist has already received a substantial amount for his work, which amount the jury thought was the reasonable value of his services. The Court thinks the Parvey case is not in point.

The verdict does substantial justice between the parties and plaintiff's motion is therefore denied.

For plaintiff: Joshua Bell & Maurice W. Hendel.

For defendant: William H. McSoley.