## DAVID RAVITZ, PLAINTIFF-RESPONDENT, v. MAE CHIRELSTEIN, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF CHARLES CHIRELSTEIN, DECEASED, DEFENDANT-APPELLANT.

Argued May 7, 1946—Decided November 8, 1946.

Before CASE, CHIEF JUSTICE, and Justice HEHER.

For the appellant, *Charles Handler.*

For the respondent, *John F. Connolly* (*Aaron Lasser,* of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff, a certified public accountant, seeks a recovery for accounting services rendered by him to the defendant executrix's decedent, Charles Chirelstein, in aid of the performance of his duties as executor of the last will and testament of his deceased mother, Ida Chirelstein. The employment is admitted. Conceiving that the service thus contracted for was such as he, himself, was obliged to perform, and the expense thereby incurred would not therefore be includable among the items of discharge in his account (*Vide Hagedorn* v. *Arens,* 106 *N. J. Eq.* 377), the executor assumed personal liability for the debt; and such liability for the "reasonable value" of the service thus rendered is now conceded.

The complaint is in three counts: The first alleges the rendition of the service in question to the defendant's decedent, and his promise to pay the "reasonable value" thereof, declared to be $6,500; the second pleads the decedent's specific promise to pay $6,500 for the service, "with the proviso that in the event" the Essex County Orphans Court "would allow Edward J. Gilhooly, Proctor for * * * Charles Chirelstein, the sum of $21,000 as his counsel fee, then and in such event the said Edward J. Gilhooly would pay to the plaintiff $1,000 on account of the charges of $6,500," and that Mr. Gilhooly had paid plaintiff $1,000 on account thereof; and the third averred that plaintiff and the decedent had "agreed on an account stated in the amount of $6,500," of which $1,000 had been paid. At the close of the case, the learned trial judge directed a verdict for plaintiff upon the ground that there was "uncontradicted proof" that plaintiff "had an arrangement with Charles Chirelstein as executor that he was to pay him $6,500 for services in the case;" and we think this was error.

We have no occasion to determine whether the evidence in this regard went wholly uncontradicted by other direct evidence. If such was the case, it was nevertheless the jury's province to determine whether such a contract had in fact been made. While evidence in a given case may stand uncontradicted by other evidence, it may yet be controverted

in the sense that its trustworthiness is challenged and the subject-matter is not admitted; and, ordinarily, the weight of the evidence, even though uncontradicted, is determinable by the triers of the facts and not by the court as a matter of law, although uncontradicted evidence cannot be arbitrarily dismissed as valueless. The question in the ultimate analysis is whether the circumstances are such as that reasonable minds may reasonably entertain divergent views as to the truth of the tendered hypothesis, whether the evidence be uncontradicted or not. *Second National Bank of Hoboken* v. *Smith,* 91 *N. J. L.* 531. *A fortiori* is the rule applicable where, as here, the death of a witness has put it beyond the power of the opposing party to disprove the fact thus asserted, if false. Evidence is not necessarily conclusive because uncontradicted. Where the particular circumstances reasonably give rise to conflicting inferences as to testimonial trustworthiness, the evidence is not conclusive merely because it is uncontradicted by direct testimony. *Clark* v. *Public Service Electric Co.,* 86 *Id.* 144; *Schmidt* v. *Marconi Wireless Telegraph Co.,* 86 *Id.* 183; *Trenton Banking Co.* v. *Howard,* 187 *Atl. Rep.* 569, *affirmed,* 121 *N. J. Eq.* 85.

But it is urged that, even so, there was uncontradicted expert opinion evidence that the service thus rendered was reasonably worth at least $6,500, and the judgment should therefore be affirmed. We take a different view.

The same principle obtains here. The weight of opinion evidence as to the value of services rendered by one to another is generally within the province of the triers of the facts; such evidence ordinarily is not conclusive. The trustworthiness of evidence of this nature necessarily depends upon the competency and the integrity of the one who thus bears witness and the facts and circumstances upon which the opinion is made to rest; and it is assayed by the fact-finding authority in the light of these considerations and common knowledge and experience, considered in relation to all the pertinent evidence in the case. Here, too, such evidence cannot be arbitrarily disregarded; it is not open to the fact-finding tribunal to fix a valuation utterly without support in the proofs. Common experience may on occasion

be of little or no avail when the subject of inquiry involves scientific or specialized knowledge not of general cognizance. But the inquiry as to the value of services is one that calls for the exercise of a fair judgment grounded in all the facts and circumstances, and informed by the opinions adduced from those having special knowledge of the subject. *Atlantic City Sewerage Co.* v. *Board of Public Utility Commissioners,* 128 *N. J. L.* 359; *affirmed,* 129 *Id.* 401; *Scanlon* v. *Anderson,* 49 *R. I.* 470; 144 *Atl. Rep.* 146; 32 *C. J. S.* 385, 389, *et seq.* In the case at hand, the determination of the nature and *quantum* of the services actually rendered by plaintiff to defendant's decedent was peculiarly the function of the jury; and the cross-examination of plaintiff's professional witness fairly raised questions as to the reasonableness of the charge made which were also their exclusive province.

The judgment is reversed, with costs, and a *venire de novo* is awarded. *Vide R. S.* 2:27–378; *Lynch* v. *Public Service Railway Co.,* 83 *N. J. L.* 783.