30 N.J. Super. 388 (1954)
104 A.2d 847
MARY KOCH AND MAX KOCH, PLAINTIFFS-APPELLANTS,
v.
RALPH LA PORTA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1954.
Decided May 7, 1954.
*389 Before Judges CLAPP, FREUND and SCHETTINO.
Mr. Joseph L. Freiman argued the cause for plaintiffs-appellants.
Mr. Thomas F. Doyle argued the cause for defendant-respondent (Messrs. Townsend & Doyle, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The action here was brought for injuries to the plaintiff, Mrs. Koch, who fell one morning at 7:15 A.M. while descending the stairs in defendant's building, where she and her husband lived. As defendant concedes, he had assumed to provide a light on the stairs and was under a duty to exercise reasonable care to see to its maintenance. Rhodes v. Fuller Land Improvement Co., 92 N.J.L. 569, 572 (E. & A. 1919). The court below dismissed *390 the case at the close of the trial, finding, first, no proof of defendant's negligence and, second, as a matter of law, contributory negligence and assumption of risk on Mrs. Koch's part. Plaintiffs appeal.
Plaintiffs' side of the case will be set down first. The stairway was so dark that  to use Mrs. Koch's graphic words  "somebody stick you with a finger in the eye, you could not see it." As she proceeded down the stairs, she, a woman of 210 pounds, moved "very, very" slowly, holding on to the banister. Near the bottom of the stairway she reached for a short string or chain, trying to pull on the electric light mentioned, but failed to find it. Starting again on her way, just touching the banister, she fell, as there were one or two more steps she had forgotten.
Her husband, who had left for work at 4:30 A.M. that morning, had found the light out then. Their son-in-law pulled the light on at 7:30 A.M., and found it lit three hours later. His wife found it lit an hour after that.
On the other hand, defendant testified that at 1:30 A.M. that morning the light was on, and that at 1:30 P.M. of the same day the light was off, having burned out.
If these witnesses were all telling the truth, then some other person must have turned the light out between 1:30 A.M., when defendant saw it burning, and 4:30 A.M., when Mr. Koch found it out. This is most unlikely. Mr. and Mrs. Koch were the only persons living there then; the defendant locked the front door and had left the building at 1:30 A.M., and it was unlocked by Mr. Koch when he left three hours later. The light had not burned out because  if we accept the son-in-law's testimony  he turned it on at 7:30 A.M. It is highly probable, therefore, that some one was telling a falsehood and the jury might reasonably have disbelieved defendant's testimony that the light was on at 1:30 A.M. Indeed Mrs. Koch and her daughter testified that after the injury defendant told them, if any one were to ask, they should say the light had burned out and (according to the daughter) "that he had not put it out." He denies this.
*391 Defendant maintains that there being no direct contradiction of his testimony that the light was on at 1:30 A.M., the court was bound to accept this as the fact. That is not the law. Evidence, though uncontradicted, is still for the jury where reasonable minds may entertain differing views as to its truth. Ravits v. Chirelstein, 135 N.J.L. 5, 6 (Sup. Ct. 1946); In re Perrone's Estate, 5 N.J. 514, 521 (1950). Defendant's testimony here was seriously challenged.
Whether or not the light was on at 1:30 A.M. was a question for the jury. Hence whether or not defendant was negligent was also a matter for the jury, because if the light was not on then, he (as in fact he testified) "would have noticed it" and so could have been found negligent for not pulling it on. Cf. Webb v. Betta, 7 N.J. Super. 60, 62 (App. Div. 1950). Defendant argues it was more reasonable to infer that Mr. Koch turned out the light when he left at 4:30 A.M. This is contrary to his testimony, and even if it were more reasonable, it still gave rise to a jury question. So much for defendant's negligence.
The matter of contributory negligence has been held for the jury unless there is presented "the clearest" case of fault, Taneian v. Meghrigian, 15 N.J. 267 (1954); or unless there is "no room for a difference of opinion * * * by reasonable minds," Shappell v. Apex Express, Inc., 131 N.J.L. 583, 589 (E. & A. 1944); or unless the contributory negligence appears "clearly and [even, as it has been repeatedly said] conclusively," Bacak v. Hogya, 4 N.J. 417, 426 (1950); Gentile v. Pub. Service Coordinated Transport, 12 N.J. Super. 45, 49 (App. Div. 1951) and cases cited; or at any event unless there is a "strong case" of contributory negligence, Duffy v. Cratsley, 29 N.J. Super. 141, 144 (App. Div. 1953). The matter of assumption of risk is also for the jury, except under like circumstances. Scheirek v. Izsa, 26 N.J. Super. 68, 71 (App. Div. 1953).
Defendant argues that Mrs. Koch was chargeable with contributory negligence and assumption of risk, for having failed to return to her apartment for a light when she saw the staircase before her unlighted and dark. Rado v. Zlotnick, *392 7 N.J. Super. 197, 199 (App. Div. 1950). On the other hand, it is to be observed that the stairway was the only means of exit provided by the defendant landlord. Scheirek v. Izsa, 26 N.J. Super. 68, 72 (App. Div. 1953), and cases cited. Further see Taneian v. Meghrigian, 15 N.J. 267 (1954), supra, and compare dissenting opinion.
At any event, Mrs. Koch in her progress to the street had succeeded in getting as far as the light. Hence we are called upon to pass judgment on her conduct as of that point. This was the first time the light had not been lit for a long time, and she could have had no practice in groping for the short chain or string hanging from it. Looking at her situation at that point, it became in our opinion a jury question as to whether or not she should have proceeded on her way after the first unsuccessful attempt to pull on the light, or whether she should have kept on trying, or whether she should have gone back up stairs for a light.
Reversed, and new trial ordered.