241 A.2d 302.

JOSEPH MORRISSEY *vs.* JEANETTE PIETTE.

APRIL 30, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This action in assumpsit was brought to recover for the rent allegedly owed by the defendant for the use of a lot on the trailer park owned by the plaintiff and his wife. It was tried to a justice of the superior court sitting without a jury and decision was for the defendant. The only exception pressed by the plaintiff on his appeal is to that decision.

The essential facts are few. The plaintiff and his wife acquired a trailer park in Pawtucket in the spring of 1957. When they took over its operation, defendant and her husband were living together as a family unit in her mobile home or trailer which was located on a lot in the trailer park. The regular weekly rent of $5.50 for the use of that lot was paid until September 14, 1959, when defendant and her husband moved out of the trailer and took up residence in an apartment. The trailer, however, was left behind, and it remained on the lot in the trailer park, unoccupied, until December 9, 1961 when it was removed. No rent for the lot, or other fee for the storage of the trailer, was paid for

the period September 14, 1959 to December 9, 1961, and it was to recover therefor that this suit was brought.

The plaintiff takes no issue with the trial justice's finding that he did not prove that there was or ever had been an express landlord-tenant relationship between him and defendant, the owner of the trailer; and he concedes, at least for the purpose of this case, that the duty of defendant's husband to provide necessaries for her made it his responsibility to pay the rent for the lot in the trailer park only so long as the trailer, occupying that lot, continued as their dwelling place.

He argues, however, as we understand him, that the husband's responsibility for the rent terminated and defendant's obligation began when the trailer lost its identity as their dwelling place and took on the status of an article of personalty which was left for storage by its owner on the premises of another. In effect, his argument is that on September 14, 1959 a relationship of lessor-lessee or bailor-bailee came into being between him and defendant. Each of those relationships presupposes a contract, express or implied, *Gallo* v. *American Egg Co.*, 76 R. I. 450, 72 A.2d 166 (bailment), *Abbenante* v. *Giampietro*, 75 R. I. 349, 66 A.2d 501 (lease), and the questions then are whether there was a contract, and, if so, what were its terms.

The plaintiff tried his case on the theory that defendant expressly agreed to pay $5.50 a week for the space occupied by her trailer. But, the trial justice found as a fact that there was no such agreement thereby ruling out the possibility of recovery on an express contract. That leaves an implied agreement as the only basis for liability.

It is, of course, true that absent a special agreement or peculiar circumstances indicating that the service was intended as a gratuity, the law would imply from the mere leaving of the trailer at plaintiff's park a promise by defendant to pay a reasonable charge for rent or storage. *Glaser* v. *North's*, 201 Ore. 118, 266 P.2d 680. The difficulty

plaintiff encounters here, however, is one of proof because, having proceeded on the theory that there was an express agreement to pay a weekly rent of $5.50, he offered no evidence on what would have been a fair and reasonable rental or storage charge. This would have been his measure of damages. *Pelletier* v. *Masse*, 49 R. I. 408, 143 A. 609. Without such evidence, he was not entitled to recover on an implied contract. *Rowe* v. *City & Suburban Land Trust*, 43 R. I. 274, 111 A. 747.

Having reached this conclusion, there is no need for us to consider whether the plaintiff's failure to join his wife as a party plaintiff would, in any event, have been fatal to his claim.

The plaintiff's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Anthony A. Giannini,* for plaintiff.

*Aram K. Berberian,* for defendant.