WILFRED PELLETIER *vs.* MARCIAL MASSE *et al.*

NOVEMBER 26, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is an action of the case in assumpsit in which a jury in the Superior Court returned a verdict against defendant Marcial Masse. The case is now before this court on his exceptions.

The action is brought to recover the value of materials furnished and labor done by plaintiff in the partial construction of a cellar and three story dwelling house for defendant. The contracts for the construction of the cellar and house were in writing, one was signed by plaintiff and the other was signed by defendant. Plaintiff agreed to do all of the work specified in the contracts for $11,780. Defendant agreed to make a payment of $4,180 when the cellar was finished; a payment of $3,800 when the house was plastered and the balance of $3,800 when the work was completed.

Plaintiff commenced work on the cellar in April, 1924, and about May 17 started work on the house. The work continued until June 10 when plaintiff stopped work because defendant did not make the first payment which became due when the cellar was finished. Defendant paid $3,041.53 June 21 and $900 June 27 on account of the first payment and a few days thereafter plaintiff resumed work on the house. The house was plastered by the middle of August. Plaintiff testified that September 3 he asked defendant for the second payment; that he refused to make the payment until plaintiff did more work; that he refused to comply with defendant's demand and stopped work. Defendant then gave plaintiff notice to proceed with the work and, upon his refusal to do so, hired other men to complete the house.

September 17, 1924, plaintiff commenced this action. The defense was that plaintiff had not fully and properly performed the work required by the contract and therefore was not entitled to the second payment and that, upon his refusal to perform said work, and his wilful and voluntary suspension of the same, he forfeited his right to recover for what he had done, either on the contract or on a *quantum meruit*.

The principles of law applicable to the facts in this case were well stated in *Greene & Brown* v. *Haley*, 5 R. I. 260, 262, where the court said: "This is an entire contract, by which the petitioners engage to do an entire work, within a stipulated time, and to receive a gross sum upon its completion; and the question is, whether they can recover any portion, until the whole work stipulated to be done shall be completed. As a general rule of law, clearly they could not. If the respondent has in good faith, and in the spirit of the contract, performed his part of it, and insists upon its fulfilment by the petitioners, they cannot recover, unless they have performed theirs. If, however, the respondent has so far failed in the performance of his part of the contract as to entitle the petitioner to treat the contract as rescinded, and no longer in force, then they may be allowed to recover for the labor they have performed in pursuance of it." See also *Parker* v. *Macomber*, 17 R. I. 674. Building construction contracts often require payments to be made as the work progresses. Nonpayment of an installment due may justify the contractor in refusing to continue the work. 2 Williston on Contracts, 1626. *Turner Concrete Steel Co.* v. *Chester Construction & Contracting Co.*, 114 A. 780. "In such cases a substantial compliance as to advance payments is a condition precedent to the contractor's obligation to proceed." *Guerini Stone Co.* v. *Carlin Constr. Co.*, 248 U. S. 334. In *Peist* v. *Richmond*, 122 A. 420 (Vt.) the court said that defendant's failure to make payment of an installment due on account of the construction of a house was a breach of the contract that went to its essence, and

justified the contractor in abandoning the work and bringing an action on the contract for damages for its breach or in general assumpsit for reasonable compensation for what he had done, but not an action on the contract for the amount of the installment due. See also *Hayward* v. *Leonard,* 7 Pick. (Mass.) 181; *Hipple* v. *Mason et al.,* 127 A. 383 (Md.); 9 C. J. 833.

At the close of the testimony defendant made a motion for a directed verdict. The motion was denied and its denial is the reason for an exception which has been urged in this court.. The exception is without merit. The motion was made on the assumption that the uncontradicted evidence proved that the plaintiff had wilfully and unjustifiably broken his contract by not completing the work required by its terms. This assumption is not supported by the evidence because plaintiff's testimony tended to prove a substantial performance of the work required to entitle him to the second payment and that defendant's refusal to make the payment justified plaintiff in abandoning the work. The conflicting testimony upon these issues of fact required their determination by the jury.

The trial justice charged the jury that it was not necessary for plaintiff to show that every minute particular of his contract had been fulfilled, but that it was sufficient if he proved a substantial performance of the specified work to entitle him to the payment of the second installment. He also granted several of defendant's requests to charge on the question of plaintiff's performance of all the things required by his contract before he could demand payment of the second installment, with the limitation that the performance required of plaintiff was a substantial performance. Defendant excepted to the portion of the charge which stated that a substantial performance of the work by plaintiff was sufficient and to the same limitation of his requests to charge. Defendant takes nothing by these exceptions as the charge of the court on the doctrine of substantial performance was in accord with the general rule. 9 C. J. 739; 6 R. C. L. 967.

The case was submitted to the jury on the common counts for materials sold and delivered and work done. The verdict was for the plaintiff for $3,480. Defendant filed a motion for a new trial on the grounds that the verdict was against the law and the evidence and that the damages were excessive. This motion was denied by the trial justice because he was of the opinion that the verdict did substantial justice between the parties. The denial of the motion for a new trial is the reason for another exception which has been urged in this court. In considering this exception it is necessary to briefly refer to the testimony. The house had been plastered when plaintiff demanded payment of the second installment. Defendant refused to make the payment on account of two omissions and six alleged defects in the work done by plaintiff. The comparatively small cost of supplying the omissions and remedying the defects complained of and the delay of defendant in paying the first installment were circumstances probably considered by the jury in determining whether defendant's criticisms of the work were made in good faith. Whether the omissions and defects were trivial or of such a substantial nature as to justify defendant in refusing to pay the second installment was the main issue raised by the testimony. The jury decided this issue in favor of plaintiff.

Defendant also claims that the damages are excessive. If the plaintiff was justified in refusing to proceed further with his contract his measure of damages would be the fair value of the materials furnished and the work done by him. *Greene & Brown* v. *Haley, supra,* and this would be so even though the amount allowed might exceed the amount of the installment due from defendant, 9 C. J. 822, and the contract price would not control the amount of plaintiff's damages. *Peist* v. *Richmond, supra.* The court charged the jury in accordance with these principles. He also charged, as requested by defendant, that if the plaintiff abandoned his work when the defendant was not in default and defendant completed the house according to the terms

of the contract, the total cost of the house to the defendant must be limited by the price he agreed to pay the plaintiff and the plaintiff could recover only the difference between the contract price and the amount expended by defendant.

Defendant testified that it cost him $6,264.22 to complete the house, which sum, added to the amount paid plaintiff would make the cost of the house $10,205.75 and that, in any event, plaintiff would be only entitled to the difference between this cost and the amount of his contract, viz., $1,574.25. This claim of defendant as to the limitation of the amount of plaintiff's damage would prevail only in case the jury found that plaintiff was not justified in abandoning his work when defendant was not in default.

Plaintiff's bill of particulars amounted to $6,958.15, including $1,600 for labor on the house and $1,000 for the construction of the cellar. He credited defendant with payments of $3,941.53, leaving a balance of $3,016.62. Plaintiff testified that he was obliged to estimate the cost of labor on the cellar and house because he kept no time books on contract work. Defendant produced testimony tending to show that plaintiff's estimate of labor costs was too high, one witness estimating the cost of the cellar to be not over $800. Plaintiff, on the other hand, produced testimony tending to prove that defendant paid too much for labor to finish the house. On the plaintiff's contention he was entitled to recover the fair value of the materials furnished and work done in the partial performance of his contract. It was for the jury to fix the fair value of the materials furnished and work done by plaintiff from the conflicting testimony if they sustained his claim that he was excused from the complete performance of his contract by the wrongful act of defendant. The jury found for the plaintiff and assessed damages for $3,480. This amount, including interest, is less than the amount claimed by plaintiff. The trial justice has approved the verdict. After a careful consideration of the evidence it does not appear to us that the trial justice erred in his conclusion that the verdict does substantial justice between the parties.

The other exceptions, which were not waived, have been considered and found to be without merit.

All of the defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Archambault & Lambert*, for plaintiff.

*James H. Rickard*, for defendants.