HERBERT L. GEORGE *vs.* GEORGE F. BERKANDER, INC.

APRIL 13, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. This bill in equity was brought to enjoin an alleged breach of contract, and included therein was a prayer for an accounting and for the assessment of damages. The cause is before this court on the complainant's appeal from a decree of the superior court wherein he was awarded damages in the amount of $158.91.

It is not disputed that complainant had devised a process whereby small objects could be enclosed in a plasticlike material known as Lucite or that he had been engaged in the business of producing and selling such items in the state of Rhode Island and in some parts of Massachusetts. In 1954 the parties here began to negotiate concerning respond-

ent's use of this process. As a result thereof they entered into a written agreement dated December 16, 1954 wherein respondent was authorized to use the process in the manufacture of certain items and to sell those items. The agreement also provided for the payment of a royalty by respondent to complainant for such items as it made and sold, and respondent further agreed that it would not sell any of the items so made by it in the state of Rhode Island.

It appears that respondent made and sold these items for some time under the contract provisions and paid the royalties provided for therein until 1957. In April 1958 complainant instituted this suit and in his bill of complaint averred, among other things, that respondent had breached that provision of the contract prohibiting sale of these items by respondent within the state of Rhode Island. The prayers for relief included one for an injunction and accounting and award of money damages.

The trial justice, after a hearing, made several findings in his decision which disposed of most of the issues raised during the trial. He also found that respondent had breached the contract by selling certain of these items in Rhode Island; that the measure of damages to be applied pursuant to this breach was the loss of profits that complainant sustained by reason of respondent's sale in Rhode Island in violation of the contract provision; and that complainant had failed to establish that he had sustained any loss by reason of such sales in Rhode Island.

The trial justice also found that during the term of the contract respondent had sold one object which in fact consisted of two items within the purview of the contract, and he ruled that complainant was entitled to payment for such additional items on the basis of the royalty provisions of the contract. With permission of the court the parties stipulated $158.91 as being the amount of royalties due complainant by reason of such sales.

In this court complainant presses but one issue, that is, whether it was error for the trial justice to rule that the measure of damages was the loss sustained by complainant by reason of the breach, that is, that complainant could recover only such losses as he sustained by reason of respondent's sales in Rhode Island. As we understand him, complainant contends that the damages to which he is entitled include the profit that accrued to respondent by reason of such sales.

On the basis of complainant's argument, we are persuaded that he wants the instant case to be treated as one involving unfair competition and contends that the trial court erred in not applying the measure of damages that prevails in such cases. This court has given express recognition to the principle that where unfair competition has been established, a complainant may in appropriate circumstances be awarded punitive damages by requiring the respondent to account to the complainant for such profits as arose out of the deception. *Bostitch, Inc.* v. *King Fastener Co.*, 87 R. I. 274, 289, 140 A.2d 274, 283.

We think that complainant's contention is without merit for two reasons. In the first place, there has been no showing of unfair competition. It is our well-settled law that a finding of unfair competition must be predicated upon conduct on the part of the respondent that reasonably tended to confuse and mislead the general public into purchasing his product when the actual intent of the purchaser was to buy the product of the complainant. *Merlino* v. *Schmetz*, 66 R. I. 425, 428. Nothing appears in the instant record that would warrant a finding that respondent was engaging in conduct of such character. In the second place, if we were to assume that respondent had been guilty of holding out its product to the public as the product of complainant, the latter would not necessarily have been entitled to an order for such accounting of respondent's profits. In *Bostitch, Inc.* v. *King Fastener Co., supra,* this court adopted

the view that in cases involving unfair competition an accounting of the profits of the respondent should not be ordered in the absence of an express finding of fraud on its part. Again the record in the instant case is barren of evidence upon which such a finding of fraud could be predicated.

The cause of action in the instant case is not based on any tortious ground but simply upon a breach of the contractual provision that respondent would not sell within the state of Rhode Island items made by it. Whether respondent's conduct was in some measure tortious, whatever injury complainant has sustained results directly from the breach of the contract, and it is our opinion that in such circumstances the action, regardless of the forum in which it is brought, is in its nature ex contractu and the appropriate rule of damages is that prevailing in contract cases. That complainant elected to bring this action in an equity court is without effect, in our opinion, on the rule of damages to be applied therein. See *M. M. Stone & Co.* v. *Postal Telegraph Cable Co.,* 35 R. I. 498, 508.

In this state a well-settled rule of law controls the extent to which damages may be awarded for injuries arising from a breach of contract. A century ago this court in *Greene* v. *Creighton,* 7 R. I. 1, expressly adopted the rule controlling the assessment of damages in actions ex contractu that had been laid down in *Hadley* v. *Baxendale,* 9 Exch. 341. The English court through that rule somewhat narrowed the latitude that had theretofore been enjoyed by juries in the assessment of such damages. However, the rule is sufficiently comprehensive to warrant, in particular cases and subject to the rule of certainty, an application of such measures of damage as will serve to put the injured party as close as is reasonably possible to the position he would have been in had the contract been fully performed.

The rule so stated in *Hadley* v. *Baxendale, supra,* at page 354, and referred to in *Greene* v. *Creighton, supra,* provides

that where a contract has been breached by one party thereto "the damages which the other party ought to receive in respect of such breach of contract should be such as may fairly and reasonably be considered either arising naturally, i.e., according to the usual course of things, from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties, at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiffs to the defendants, and thus known to both parties, the damages resulting from the breach of such a contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he, at the most, could only be supposed to have had in his contemplation the amount of injury which would arise generally, and in the great multitude of cases not affected by any special circumstances, from such a breach of contract."

It appears then that under the rule above quoted there is no liability for damages that were not within the contemplation of the parties at the time they entered into the contract other than such damages as arise in the natural course of events from such a breach of contract. The test of a defendant's liability as to damages other than those which reasonably arise from the breach depends upon whether such damages were, or reasonably should have been, foreseen by the defendant at the time the contract was made. In the absence, however, of some special circumstance with knowledge of which the defendant is chargeable, recovery may be had only of those damages which generally arise as a consequence of a breach of contract.

We are of the opinion that the trial justice, in establishing as the measure of damages in the instant case the loss of profits to complainant resulting from respondent's sales in the prohibited area, ruled consistently with that aspect of the rule for damages which permits recovery of such damages as naturally arise as a consequence of such a breach. We see no error in that ruling. There was nothing in the record here that would warrant the establishment of a more extensive measure of damages. The complainant had not shown that there was any special circumstance or peculiar condition that had been communicated to respondent concerning the contract. It cannot then be reasonably argued that the parties, when they entered into the contract, contemplated some particular and peculiar damage that might result from a breach thereof other than that which usually in the normal course of events follows such a breach.

Neither do we perceive any error in the trial justice's finding that the complainant had failed to sustain the burden of proving that he had incurred any damage by reason of the breach. There is no evidence in the record which even remotely establishes that the complainant suffered a loss of profits. Neither is there any evidence therein relating to sales by the respondent in the prohibited area which might be probative of a loss of profits on the part of the complainant. In such state of the evidence the trial justice properly found that the complainant had failed to establish damages.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Robinson & Mascia, Shayle Robinson,* for complainant.

*Edmund J. Kelly, Higgins & Slattery, William C. Dorgan,* for respondent.