359 A.2d 33.
PETER A. SILVIA *et ux. vs.* WILLIAM WICKS.

JUNE 23, 1976.

PRESENT: Bevilacqua. C. J., Paolino, Joslin, Kelleher and Doris, JJ.

546

■■■■■■■ ■

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■

BEVILACQUA, C. J. This is a civil action wherein the plaintiffs seek to cancel a deed to them from the defendant. After a hearing without a jury in the Superior Court, Newport County, the trial justice on September 11, 1974, entered a judgment denying and dismissing the plaintiffs' complaint. The case is before this court on the plaintiffs' appeal from said judgment.

The facts are not in dispute and may be stated briefly. William Z. Wicks as seller and Peter A. and Frances C. Silvia as buyer entered into a written purchase and sale agreement dated June 30, 1972, for a certain parcel of unimproved real estate in the town of Middletown. By its own terms the agreement would become null and void if percolation or water table tests obtained by Mr. Wicks were not satisfactory. Mr. Wicks commissioned such tests by a registered professional engineer, Malcolm E. Berrett, who considered the results to be satisfactory. Mr. Wicks' real estate agent relayed this conclusion to the Silvias. After the closing the Silvias' registered land surveyor, Francis J. O'Loughlin, told them that he considered the test results to be unsatisfactory. The Silvias made demand upon Mr. Wicks for return of the purchase price and reimbursement of other expenses. Mr. Wicks refused, whereupon the Silvias commenced this action. At no time have the Silvias applied to the State Department of Health for evaluation of the test results or for independent retesting so that they could have obtained the necessary building permit.

The legal theory of the case as contested by the parties and decided by the trial justice is the doctrine of innocent misrepresentation of a material fact. *Halpert v. Rosenthal,* 107 R. I. 406, 267 A.2d 730 (1970). In *Halpert* we held that in an innocent misrepresentation case the burden of proof is on the proponent of the issue of misrepresentation to show by a fair preponderance of the evidence that the opposing party did misrepresent a material fact. *Id.* at 418-19, 267 A.2d at 736-37. Here plaintiffs contend that defendant misrepresented to them the satisfactoriness of the percolation and water table tests, so the trial justice correctly placed the burden of proof on plaintiffs to show by a fair preponderence of the evidence that either of the two tests was not satisfactory.

At trial the evidence consisted primarily of the conflicting opinions of the parties' two expert witnesses, Mr. O'Loughlin's for plaintiffs that the tests were not satisfactory and Mr. Berrett's for defendant that they were. The plaintiffs do not dispute the trial justice's finding that the evidence was evenly balanced on both sides.

Viewing the evidence in the record before us in light of *Halpert,* we hold that the trial justice committed no error in finding for defendant on the ground that plaintiffs failed to sustain their burden of proof. Especially telling is plaintiffs' failure to make any formal application to the State Department of Health, leaving unsupported their allegation that they were unable to obtain a building permit.

A careful examination of the record also convinces us that the plaintiffs' other contentions regarding the trial justice's findings of fact are without merit in view of our well-settled rule that the findings of a trial justice sitting without a jury will not be disturbed on appeal unless the trial justice was clearly wrong or has overlooked or mis-

conceived material evidence. *Agar Supply Co.* v. *David-Hodosh Co.,* 115 R. I. 80, 84, 340 A.2d 140, 142 (1975).

The appeal of the plaintiffs is denied and dismissed, and the judgment appealed from is affirmed.

*Moore, Virgadamo, Boyle & Lynch, Ltd., Jeremiah C. Lynch, Jr.,* for plaintiffs.

*Sheffield & Harvey, Ray H. Durfee,* for defendant.