Carmino SPINO, d/b/a Tamburri & Son Contractors

v.

John E. ANDERSON, d/b/a J. E. Anderson Associates.

No. 78–94–Appeal.

Supreme Court of Rhode Island.

Aug. 22, 1980.

Kirshenbaum Law Offices, Inc., Sanford M. Kirshenbaum, Providence, for plaintiff.

Edwards & Angell, Deming E. Sherman, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This civil action was brought by a subcontractor, Carmino Spino (plaintiff), against John E. Anderson (defendant), a property owner who was acting as his own general contractor. The plaintiff sought to recover the sum of $24,251.20 allegedly owed him under contract as payment for masonry work done in the course of the construction of an office and warehouse building. The defendant counterclaimed, alleging breach of contract. Sitting without a jury, a justice of the Superior Court heard the evidence and entered judgment for the plaintiff in the amount of $6,662.30 on his claim and dismissed the defendant's counterclaim. The defendant appeals this denial of the counterclaim. He does not appeal the judgment insofar as it granted the plaintiff recovery on his claim.

The dispute arose when, after plaintiff's work had been completed, he sent defendant a bill which noted that $48,000 had already been paid and that a balance of $8,101.20 remained. The defendant disputed some of the items for which he had been billed, claimed entitlement to a refund, and asserted that plaintiff had done his work in an unworkmanlike manner and had not met the schedule to which the parties had agreed. Thereafter plaintiff sent defendant a revised bill that showed $24,251.20 still to be paid. The trial justice in his decision remarked that this series of events reminded him of the old radio show "Can You Top This." After plaintiff had filed suit, defendant counterclaimed, charging delay and unworkmanlike performance which amounted to breach of contract. The evidence adduced by the parties concerning the terms of the agreement conflicted in many pertinent respects, and the trial jus-

tice was accordingly confronted with the responsibility of choosing between conflicting accounts of a series of incidents whose occurrence had been accompanied by no little acrimony between the parties.

■ The defendant asserts that the trial justice overlooked material evidence with respect to defendant's counterclaim for damages arising from plaintiff's alleged failure to construct the subject building to a height of eighteen feet. The parties agree that the building was built to a height of seventeen feet and four inches. One element of defendant's counterclaim rests on the theory that the contract price had been based on eighteen feet; that the erection of the structure to the lesser height was "unworkmanlike"; and that the cost of installing one eight–inch course of construction blocks ought, therefore, to be returned to defendant. The evidence conflicted, however, on what building height the parties had agreed to. The plaintiff testified that the lesser height was the basis for the contract price. According to defendant, the parties had agreed to the greater height and hence constructing the building to the lesser height was unauthorized. Faced with such conflicting testimony, the trial justice had the responsibility of evaluating the credibility of the evidence. In discharging this responsibility he rejected defendant's contentions on this issue. His findings are entitled to great weight and will not be disturbed unless, in resolving the testimonial conflicts presented to him, he misconceived or overlooked material evidence or was clearly wrong. *Aiello Construction, Inc. v. Nationwide Tractor Trailer Training & Placement Corp.*, R.I., 413 A.2d 85, 87 (1980); *Nocera v. Lembo*, R.I., 397 A.2d 524, 525 (1979); *Salo Landscape & Construction Co. v. Liberty Electric Co.*, R.I., 376 A.2d 1379, 1381 (1977). In view of the contradictory testimony on the terms of agreement, we cannot say that the trial justice was clearly wrong in his findings of fact or that he misconceived or overlooked material evidence on this issue.

■ As defendant's second ground of appeal, he asserts that the trial justice overlooked and misconceived material evidence when he dismissed that portion of defendant's counterclaim which requested damages for late completion of the masonry work on the building. According to defendant, three rental tenants were able to occupy the building no earlier than January 1, 1974, one month later than they had planned; and as a consequence, defendant suffered loss of rent as a result of plaintiff's failure to meet his deadline. The trial justice found that plaintiff had never agreed to a specific completion date for his work. In so finding, the trial justice placed credence in plaintiff's testimony that no deadline had ever been discussed or agreed to and rejected defendant's testimony that a December 1, 1973 deadline had been discussed. Resolution of this conflict was within the trial justice's province, and nothing persuades us to disturb this conclusion. *See Aiello Construction, Inc.*, 413 A.2d at 87; *Nocera v. Lembo*, 397 A.2d at 525; *Salo Landscape & Construction Co.*, 376 A.2d at 1381.

The third and final element of defendant's counterclaim consists of his assertion that plaintiff, in a unworkmanlike manner, allowed mortar to be applied to surfaces of the aluminum window framing surrounding certain of the windows, that this mortar was allowed to remain on the metal surfaces until it caused permanent staining, and that the only remedy for this defect was to remove the aluminum and deglaze the windows. The defendant here asserts that the trial justice wrongly excluded evidence concerning the measures required to cure this problem.

In an effort to prove his contention before the trial justice, defendant called one Peter A. Nickerson as a witness. Nickerson was a salesman for Alumiline Corporation, a company in the business of selling aluminum doors, aluminum frames, and miscellaneous trim metals used in building construction. He testified that his duties included sales activities, the submission of sales estimates, and also the submission of repair estimates relating to products that had been furnished by Alumiline. Nickerson

testified that he had observed the mortar and mortar stains in question and believed that the stains could not be removed. When Nickerson was asked by counsel for defendant what steps were required to remedy the staining problem, counsel for plaintiff successfully objected on the ground that Nickerson had not been qualified as an expert on the subject of remedies for mortar staining on aluminum window framing. The trial justice ruled that Nickerson's testimony—that his duties included making repair estimates in regard to damaged Alumiline products—did not establish his expertise on the type of damage alleged in the present case. Subsequent attempts to qualify Nickerson as an expert elicited the facts that the witness was a graduate of Colby College and was an Army veteran, that Alumiline fabricates windows of the types used in defendant's building, that Nickerson was familiar with the repair of such windows and had been familiar with these windows for nine years, and that he had inspected between thirty and fifty windows in conditions similar to the windows at issue and had rendered repair estimates in connection with some of them but had not undertaken any actual repair work. The justice viewed these representations as insufficient to establish Nickerson's expertise on the subjects of what means of repair were feasible under the circumstances and whether replacement of the framing material was the only solution to the alleged staining. Having declined to qualify Nickerson as an expert, the justice refused to allow him to testify further on what repair measures Nickerson thought were needed in the present case.

■ During counsel's attempt to qualify the witness, the trial justice had an opportunity to evaluate the witness's knowledge and competence with a degree of clarity unavailable to an appellate court. We cannot say that the trial justice was unjustified in his conclusion that a seller of repair services is not necessarily well informed on the state of the art of metal stain removal. Nor was the trial justice unjustified in concluding that the particular salesman before him lacked unusual expertise beyond that

which may be normally expected of a salesman of aluminum products. As we have stated on countless occasions, the qualifying of an expert witness is a matter that rests within the sound discretion of the trial justice, whose exercise of his discretion will not be disturbed absent a showing that he abused it. *Leahey v. State*, R.I., 397 A.2d 509, 510 (1979); *Atlantic Refining Co. v. Director of Public Works*, 102 R.I. 696, 706, 233 A.2d 423, 429 (1967) (both nonjury cases); *Palazzolo v. Rahill*, R.I., 394 A.2d 690, 692 (1978); *Anderson v. Friendship Body & Radiator Works, Inc.*, 112 R.I. 445, 448, 311 A.2d 288, 291 (1973) (jury trials). No such abuse has been demonstrated here.

The appeal of the defendant is denied and dismissed, the judgment dismissing his counterclaim is affirmed, and the case is remitted to the Superior Court.