**Gerard D. JONES**

v.

**Raymond WILBUR, Jr., et al.**

**No. 91–236–Appeal.**

Supreme Court of Rhode Island.

March 10, 1992.

Stephen J. Fortunato, Warwick, Kris Macaruso Marotti, Fortunato & Tarro, Warwick, for plaintiff.

Gerard D. Jones, pro se.

John D. Biafore, Goldman & Biafore, William H. Jestings, Carroll, Kelly & Murphy, Providence, William F. Holt, Kirshenbaum & Kirshenbaum, Cranston, for defendant.

OPINION

PER CURIAM.

This case came before the court for oral argument on February 10, 1992, pursuant to an order directing the plaintiff, Gerard D. Jones (Jones), to show cause why his appeal should not be summarily denied and

dismissed. Jones appeals from a Superior Court verdict entered on behalf of the defendant, Cranston police officer Raymond Wilbur, Jr. (Wilbur).

On February 16, 1983, Jones's son was stopped by the Cranston police and identified by the complaining victim as the perpetrator in a recent breaking and entry. Jones was present at the identification and requested permission from Wilbur to speak with the victim and to visit the scene of the crime. Wilbur denied the request, and Jones became belligerent and made threatening gestures toward the officer. The two subsequently started fighting, and Wilbur struck Jones with a nightstick.

On February 15, 1984, Jones filed a complaint pursuant to 42 U.S.C. § 1983 in Superior Court against Wilbur and others (defendants), alleging that defendants' actions during the February 16, 1983 altercation violated Jones's constitutional rights. All claims except those against Wilbur were dismissed before trial, and on June 5, 1990, a jury verdict was entered in Wilbur's favor. Jones filed a timely motion of appeal. We affirm.

Among the issues raised on appeal, Jones claims that the trial justice committed reversible error in allowing records concerning Jones's admission to Bradley Hospital into evidence. Jones claims that these records are not relevant and that the records are prejudicial because Bradley Hospital is a known treatment center for patients with psychiatric problems.

First, we note that "determinations of relevance normally are considered to be within the discretion of the trial justice. In the absence of abuse of discretion, such evidentiary rulings will not constitute a basis for reversal." *Aiello Construction, Inc. v. Nationwide Tractor Trailer Training and Placement Corp.*, 122 R.I. 861, 868, 413 A.2d 85, 89 (1980). Furthermore, it is the burden of the party opposing such evidence to establish that the proposed evidence clearly has no bearing on the proceedings. *Id.* Jones fails to meet this burden.

A critical issue at trial was the nature of the altercation between Jones and Wilbur. The defense contended that Jones was unable to control his anger and initiated the fight. The record supports this assertion; specifically the transcript reflects testimony by Jones's own medical witnesses that Jones had a long-standing psychiatric problem and was under marital stress at the time of the altercation. Accordingly, evidence concerning Jones's ability to control his anger was relevant, and the trial justice correctly determined that the hospital records were not prejudicial to him.

Therefore, for the reasons stated, Jones's appeal is denied and dismissed and the judgment entered in Superior Court is affirmed.