[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff, Feeco International, Inc. (hereinafter "plaintiff") seeks damages resulting from a cancellation of a purchase order by Defendant, Oliver Barrette Millwrights, Inc. (hereinafter "defendant"). This appeal is brought from a rejection of an arbitrator's award pursuant to R.I. Gen. Laws §8-6-5.
In 1984, the city of Westborough, Massachusetts awarded a contract for the construction of the Westborough Water Treatment Facility to S.E.A. Consultants, Inc. ("S.E.A."). S.E.A. awarded a subcontract to build the facility to Peabody, New England ("Peabody") who in turn, awarded a contract to the defendant, a Rhode Island corporation, to install the sludge handling equipment. The principal contract among S.E.A., Peabody, and the defendant provided for S.E.A. approval of equipment not specifically identified in the plans and specifications.
The defendant, through an agent, negotiated with the plaintiff, a Wisconsin corporation, to manufacture pugmill units ("units") for the facility. On February 15, 1985, the defendant sent a purchase order form to the plaintiff requesting two units at a previously quoted price of $49,686.00. The purchase order referred to three documents: 1. Section 14594 of the project documents which contained the project specifications; 2. plaintiff's proposal #R1408-G-153 dated August 14, 1984 which included a price quotation and conditions; and, 3. a letter of October 17, 1984 which was sent by the plaintiff to the defendant and contained a list of exceptions to the specifications contained in Section 14594.
Plaintiff subsequently brought this action seeking payment from defendant for certain enumerated cancellation costs. Plaintiff alleges that the parties had a binding contract and that it contained no provision for S.E.A. approval of the units. Defendant contends that the agreement between the parties was subject to a condition precedent, S.E.A.'s approval, which has never been met.
In reviewing a case from a rejection of an arbitrator's award under Rule 5 of Superior Court Rules Governing Arbitration of Civil Actions, a trial must be conducted as if there had been no arbitration. Rule 5(c). No evidence of an arbitration proceeding is admissible. Rule 5(d). Accordingly, the review before this Court is, in effect, de novo.
At the outset, the Court would note that the transaction giving rise to this action is governed by Chapter 2 of the Uniform Commercial Code ("Code") as promulgated in R.I.G.L. 1956 (1985 Reenactment) § 6a-2-101-725. Chapter 2 of the Code applies to transactions involving the sale of goods. R.I.G.L. 6a-2-102. Goods are identified as all things that are moveable at the time of identification to the contract. R.I.G.L. 6a-2-105(1). Transactions concerning the design and construction of sewage pumping systems, similar to the units manufactured by the plaintiff, have been adjudicated to be goods under the Code.Omaha Pollution Control Corp. v. Carver-Greenfield Corp., 413 F. Supp. 1069, 1085 (D. Neb. 1976).
With respect to whether there was a contract between the parties, R.I.G.L. 6a-2-204(1) provides that "a contract for the sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognized the existence of such a contract." The purchase order referencing the parties' negotiations is a written confirmation of their agreement. Subsequent correspondence, including defendant's letters attesting to the quality of plaintiff's units despite its variations from the specifications, and conduct between the parties, amply evidences their intent to be bound by a contract.Massachusetts Mun. Wholesale Elec. Co. v. Town of Danvers,577 N.E.2d 283, 288 (Mass. 1991).
The defendant maintains that the contract is not enforceable because it was subject to a condition precedent, S.E.A.'s approval, which has not been met. A condition precedent is an event which must occur before a party becomes obligated to perform pursuant to the terms of the contract. Restatement (Second) of Contracts § 224; Massachusetts Mun. Wholesale Elec.Co., at 288. To determine if a condition precedent exists it is necessary, first, to determine the terms of the contract.
Where a condition precedent is not expressly stated in the instrument it may be incorporated by reference to another document. Chicopee Concrete Serv., Inc. v. Hart EngineeringCo., 498 N.E.2d 121, 122 (Mass. 1986). Incorporation by reference provides for the integration of certain provisions of extraneous documents to compose the complete agreement of the parties. Anderson, Uniform Commercial Code § 2-201-74 (1981). Generally,". . . a reference by the parties to an extraneous writing for a particular purpose makes it part of their agreement only for the purpose specified." Guerini StoneCo. v. P.J. Carlin Construction Co., 240 U.S. 264, 277, 36 S. Ct. 300, 306, 60 L.Ed. 636, 642 (1916). The reference in the purchase order to Section 14594 of the project documents is for the purpose of incorporating the specifications and plans for the manufacture of the units. It does not accomplish the more general task of incorporating the principal contract in its entirety or even the S.E.A. approval clause in particular.
In proper circumstances a document may be incorporated in its entirety by a "clearly stated general reference." ChicopeeConcrete Serv. Inc., at 122. In the Chicopee Concrete case, the contract stated: "Furnish all materials and equipment to perform . . . in strict adherence with plans and specifications . . . including General Terms and Conditions." Chicopee ConcreteServ., Inc. v. Hart Engineering Co., 479 N.E.2d 748, 749 (Mass. App. 1985). The Supreme Judicial Court of Massachusetts concluded that this language was insufficient to incorporate the principal contract in its entirety. Chicopee Concrete Serv., Inc., at 122.
In the case at bar, the purchase order language refers explicitly to the specifications necessary to manufacture the units. The Court is not persuaded that the principal contract among S.E.A., Peabody, and the defendant is incorporated by a clearly stated general reference. The purchase order neither expressly incorporates the S.E.A. approval clause nor through broad language does it encompass all provisions of the principal contract. Accordingly, this Court finds that S.E.A. approval of the plaintiff's units was not a condition precedent to the defendants' obligation to perform. This Court concludes that the defendant has failed to perform under the contract and the plaintiff is therefore entitled to relief.
As a consequence of the cancellation of defendant's order, plaintiff requests damages in the amount of $25,741.00. Of this amount $7,452.90 represents the fifteen percent down payment due upon submission of the engineer's drawings to the defendant. The remaining $18,288.10 represents enumerated cancellation costs compiled by the plaintiff pursuant to section VIII of the conditions governing the price quotation. Additionally plaintiff seeks interest of 18 percent per annum on defendant's cancellation costs provided in Section IV and Section VIII of the conditions to indemnify plaintiff against loss. The original contract price agreed upon by the parties was $49,686.00.
Generally, the purpose of damages is to place the injured party in the position it would have been in had the contract been performed. George v. George F. Berlander, Inc., 92 R.I. 426, 430, 169 A.2d 370, 372 (1961). Damages must be proven with reasonable certainty and must not be the product of speculation.National Chain Company v. Campbell, 487 A.2d 132, 135 (1985). The burden of proving the amount of damages is on the plaintiff.Id. At trial, plaintiff fully presented the damages resulting from the cancellation of the order. Additionally plaintiff's list of cancellation expenses was admitted into evidence. The Court is satisfied that the plaintiff has met its burden of proof.
In regard to the eighteen percent interest, R.I.G.L. 9-21-10
provides interest at a rate of twelve percent in civil actions but specifically excludes actions for breach of contract "where interest is already provided." R.I.G.L. 9-21-10 (Supp. 1991). Section IV of the conditions governing the quotation provides for eighteen percent interest on past due accounts. See McKendallLumber Co. v. Kalian, 425 A.2d 515, 518 (1981) (upholding provision with similar wording). Accordingly, this Court awards the plaintiff $25,741.00 at eighteen percent interest pursuant to the terms of the contract.
Finally, the question of attorney's fees was raised at trial. By statute, attorney's fees are limited in an action for breach of contract to situation manifesting "a complete absence of a justiciable issue of either law or fact raised by the losing party. . . ." R.I.G.L. 9-1-45 (Supp. 1991). Since the defendant did raise justiciable issues, an award of attorney's fees is not warranted in this case.
For the reasons set forth above, this Court finds the plaintiff is entitled to relief for damages in the amount of $25,741.00, resulting from defendant's breach of contract.
Counsel shall prepare the appropriate judgment for entry.