ERI MAX ENTERTAINMENT,
INC., d.b.a. Vidi–O.

v.

Barbra STREISAND et al.

No. 95–615–Appeal.

Supreme Court of Rhode Island.

March 17, 1997.

Michael H. Feldhuhn, Providence, for Plaintiff.

William M. Russo, Providence, Roderick Macleish, Jr. and Dean Ringel, for Defendant.

## OPINION

PER CURIAM.

This case came before a panel of the Supreme Court on February 18, 1997, pursuant to an order that directed the plaintiff, ERI Max Entertainment, Inc., d.b.a. Vidi-O, and the defendants, Barbra Streisand; Blockbuster Entertainment Corporation (Blockbuster); Sony Music Entertainment, Inc. (Sony); Northeast Management, Inc., d.b.a. Blockbuster Video; Video Development Group, Inc., d.b.a. Blockbuster Video; and Video Consulting Group, Inc., d.b.a. Blockbuster Video, to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff has appealed a Superior Court order granting the defendants' motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted.

After hearing the arguments of counsel and reviewing the memoranda filed by the parties, we conclude that cause has not been shown, and the case will be decided at this time.

In 1994, plaintiff, a video store located in Providence, Rhode Island, filed a complaint in Superior Court alleging that defendants had violated the Rhode Island Antitrust Act, G.L.1956 chapter 36 of title 6, and engaged in unfair trade practices and civil conspiracy by entering into an exclusive agreement whereby a special version of a videotape entitled "Barbra—The Concert," featuring an additional song by performer Barbra Streisand not found on other versions of the tape, would be available only at Blockbuster video stores. The defendants moved to dismiss the complaint under Rule 12(b)(6) of the Superior Court Rules of Civil Procedure for failure to state a claim upon which relief could be granted, and the trial justice granted the motion.

In ruling on a Rule 12(b)(6) motion, the trial justice must assume the truth of all allegations contained in the complaint and resolve any doubt in the plaintiff's favor. *Thompson v. Thompson,* 495 A.2d 678, 680 (R.I.1985). No complaint will be dismissed "unless it is clear beyond a reasonable doubt that the plaintiff will be unable to prove his right to relief * * * that is to say, unless it appears to a certainty that he will not be entitled to relief under any set of facts which might be proved in support of his claim." *Bragg v. Warwick Shoppers World, Inc.,* 102 R.I. 8, 12, 227 A.2d 582, 584 (1967).

This Court, applying the test first announced in *Bragg,* is of the opinion that plaintiff's complaint failed to state a claim upon which relief can be granted and hence was properly dismissed under Rule 12(b)(6). The plaintiff has alleged that Blockbuster "controls a large segment of the video market in the United States" and "is expanding its market share by swallowing up smaller video chains and numerous mom-and-pop video rental stores." The plaintiff further alleged that the exclusive agreement among Streisand, Sony, and Blockbuster prevented plaintiff from purchasing the videotape for resale or rental and forced consumers, including plaintiff's customers, who wished to obtain the version with the bonus song to purchase it only at Blockbuster video stores. If we take these assertions as true and resolve all doubt in plaintiff's favor, there remains only the allegation that defendants, who are vertically situated in the chain of commerce as producer, distributor, and retailer, have entered into an exclusive agreement regarding the distribution and sale of a special version of a concert video. As the trial justice summarized it, "[W]e are really talking here about one song by one performer on one particular videotape."

The plaintiff has provided us with no authority for the proposition that the mere existence of an exclusive-dealing contract—without proof of substantial market foreclosure, injury to competition, or a specific intent to fix prices or destroy competition—constitutes a violation of federal or state antitrust laws.[1] Indeed the federal antitrust case law is to the contrary. *See, e.g., Tampa Electric Co. v. Nashville Coal Co.,* 365 U.S. 320, 327, 81 S.Ct. 623, 628, 5 L.Ed.2d 580, 586–87 (1961) (exclusive-dealing contract not a violation of § 3 of Clayton Act, 15 U.S.C. § 14, absent substantial market foreclosure); *Paddock Publications, Inc. v. Chicago Tribune Co.,* 103 F.3d 42 (7th Cir. 1996) (dismissing, under Fed.R.Civ.P. 12(b)(6), small newspaper's complaint alleging that exclusive licensing agreements among larger newspapers and leading supplemental news services and feature syndicates violated the Sherman Antitrust Act). "The purpose of antitrust laws is to protect competition, not [individual] competitors." *UXB Sand & Gravel, Inc. v. Rosenfeld Concrete Corp.,* 599 A.2d 1033, 1035 (R.I.1991). Clearly, the allegation that Blockbuster has attained a large share of the video market does not by itself state an antitrust violation, even in the event that Blockbuster's growth was secured at the expense of competitors. The additional fact that Blockbuster has contracted to be the sole supplier of a single videotape does not, without more, change this result.

The plaintiff's remaining counts alleging unfair competition, deceptive trade practices, and civil conspiracy also failed to state a claim. This Court has previously held that "a finding of unfair competition must be predicated upon conduct on the part of the respondent that reasonably tended to confuse and mislead the general public into purchasing his product when the actual intent of the purchaser was to buy the product

---

1. The plaintiff's antitrust claims are based upon G.L.1956 §§ 6–36–4, 6–36–5, and 6–36–6 of the Rhode Island Antitrust Act, which parallel, respectively, the Sherman Antitrust Act, 15 U.S.C. §§ 1, 2, and § 3 of the Clayton Act, 15 U.S.C. § 14. Although plaintiff has raised no federal claims, the General Assembly has provided that the Rhode Island Antitrust Act must be "construed in harmony with judicial interpretations of comparable federal antitrust statutes insofar as practicable, except where provisions of this chapter are expressly contrary to applicable federal provisions as construed." Section 6–36–2(b). Consequently, federal cases interpreting parallel federal provisions are appropriately consulted in interpreting state antitrust laws. *See UXB Sand & Gravel, Inc. v. Rosenfeld Concrete Corp.,* 599 A.2d 1033, 1035 (R.I.1991).

**1354**

of the complainant." *George v. George F. Berkander, Inc.*, 92 R.I. 426, 429, 169 A.2d 370, 371 (1961). The plaintiff has alleged no such behavior in its complaint. In respect to the Deceptive Trade Practices Act (the act), G.L.1956 chapter 13.1 of title 6, private actions may be brought by "[a]ny person who purchases or leases goods or services primarily for personal, family, or household purposes." Section 6–13.1–5.2(a). The plaintiff, a Rhode Island corporation doing business as a video store, plainly does not have standing to bring a private action under this statute. Assuming that plaintiff did have such standing, we conclude that the behavior complained of does not meet the definition of "'[u]nfair methods of competition and unfair or deceptive acts or practices'" set forth in § 6–13.1–1(5) of the act.

■ Finally, the plaintiff's civil-conspiracy claim must fail because it was predicated on the mistaken supposition that defendants' exclusive agreement, as described in the complaint, was unlawful. *See Stubbs v. Taft*, 88 R.I. 462, 468, 149 A.2d 706, 708 (1959) (civil-conspiracy claim requires evidence of prosecution of an unlawful enterprise); *State v. Eastern Coal Co.*, 29 R.I. 254, 257, 70 A. 1, 3 (R.I.1908) (criminal-conspiracy charge requires unlawful means or end).

Consequently, we deny and dismiss this appeal, affirm the judgment of the Superior Court, and remand the papers in the case to the Superior Court.

BOURCIER, J., did not participate.